ARLENE PEREIRA *v.* STATE OF CONNECTICUT
(14770)

PETERS, C. J., BERDON, NORCOTT, KATZ and PALMER, Js.

Argued November 30, 1993—decision released February 15, 1994

*Edward T. Dodd, Jr.,* for the appellant (plaintiff).

*Edward F. Osswalt,* assistant attorney general, with whom, on the brief, were *Richard Blumenthal,* attorney general, and *William J. McCullough,* assistant attorney general, for the appellee (defendant).

NORCOTT, J. The principal issue in this workers' compensation case is whether the defendant's notice of intention to contest compensability was sufficiently specific to satisfy the requirements of General Statutes (Rev. to 1989) § 31-297 (b),[1] thus allowing the defendant to challenge the plaintiff's claim on the merits. On March 22, 1989, the plaintiff, Arlene Pereira, sent to her employer, the defendant, state of Connecticut, a written notice of claim for workers' compensation benefits pursuant to General Statutes (Rev. to 1989) § 31-294.[2] In her notice of claim, the plaintiff alleged

---

[1] General Statutes (Rev. to 1989) § 31-297 (b) provides: "Whenever liability to pay compensation is contested by the employer, he shall file with the compensation commissioner, on or before the twentieth day after he has received written notice of claim, a notice in accord with the form prescribed by the commissioner stating that the right to compensation is contested, the name of the claimant, the name of the employer, the date of alleged injury or death and the specific grounds on which the right to compensation is contested, and a copy thereof shall be sent to the employee. If the employer or his legal representative fails to file the notice contesting liability within the time prescribed herein, the employer shall be conclusively presumed to have accepted the compensability of such alleged injury or death and shall have no right thereafter to contest the employee's right to receive compensation on any grounds or the extent of his disability."

[2] General Statutes (Rev. to 1989) § 31-294 provides in pertinent part: "NOTICE OF INJURY AND OF CLAIM FOR COMPENSATION. Any employee who has sustained an injury in the course of his employment shall forthwith notify

that she suffered from stress which had arisen out of and in the course of her employment with the defendant.[3] In response, the defendant timely filed a written notice of intention to contest the plaintiff's right to compensation (disclaimer) pursuant to § 31-297 (b). Thereafter, the plaintiff filed with the compensation commissioner for the seventh district (commissioner) a motion to preclude the defendant from contesting compensability. The plaintiff asserted in her motion that the defendant's disclaimer was a general denial that did not sufficiently set forth the grounds on which liability was contested. After a formal hearing, the commissioner denied the plaintiff's motion because: (1) the plaintiff's notice of claim did not fully state the defendant's name and therefore was "not sufficient to serve as a basis for a motion to preclude"; and (2) the defendant's disclaimer "set forth grounds specific enough to meet the requirements of" § 31-297 (b). The plaintiff thereafter appealed to the compensation review division (review division) pursuant to General Statutes (Rev. to 1989) § 31-301 (a).[4] The review division

his employer, or some person representing his employer, of such injury; and, on his failure to give such notice, the commissioner may reduce the award of compensation proportionately to any prejudice which he finds the employer has sustained by reason of such failure; but the burden of proof with respect to such prejudice shall rest upon the employer. No proceedings for compensation under the provisions of this chapter shall be maintained unless a written notice of claim for compensation is given within one year from the date of accident or within three years from the first manifestation of a symptom of the occupational disease, as the case may be, which caused the personal injury . . . ."

[3] The plaintiff sought temporary total disability benefits for the periods January 25 through September 25, 1989, and December 29, 1989, through July 24, 1990. The plaintiff also sought temporary partial disability benefits for the periods September 25 through December 29, 1989, and July 24, 1990, through the time of her hearings.

[4] General Statutes (Rev. to 1989) § 31-301 (a) provides in part: "At any time within ten days after entry of such award by the commissioner, after a decision of the commissioner upon a motion or after an order by the commissioner according to the provisions of section 31-299b, either party may appeal therefrom to the compensation review division by filing in the office

affirmed the commissioner's denial of the plaintiff's motion and the plaintiff filed an appeal with the Appellate Court that was dismissed for lack of a final judgment. After additional formal hearings at which the commissioner received testimonial and documentary evidence, the commissioner concluded that the plaintiff's stress had not been proximately caused by the conditions of her employment and dismissed her claim. The plaintiff appealed to the review division, which again affirmed the commissioner's decision. The plaintiff appealed to the Appellate Court pursuant to General Statutes (Rev. to 1989) § 31-301b[5] and we transferred the appeal to this court pursuant to Practice Book § 4023 and General Statutes § 51-199 (c). We now affirm the decision of the review division.

The basic facts are undisputed. Since 1984, the plaintiff had been employed by the defendant as a social worker in its department of children and youth services. As a social worker, the plaintiff was responsible for the daily care of children who had been neglected or abused. Her responsibilities included removal of children from dangerous settings, reunification of families and arrangement of the adoption of children when the families' problems could not be resolved. The plaintiff described her caseload of between fifty and sixty cases as "enormous."

The plaintiff first began to feel anxious when she returned to work in August, 1988, after a six week

of the commissioner from which such award or such decision on a motion originated an appeal petition and five copies thereof. Such commissioner within three days thereafter shall mail such petition and three copies thereof to the chairman of the compensation review division and a copy thereof to the adverse party or parties."

[5] General Statutes (Rev. to 1989) § 31-301b provides: "APPEAL OF DECISION OF COMPENSATION REVIEW DIVISION. Any party aggrieved by the decision of the compensation review division upon any question or questions of law arising in the proceedings may appeal the decision of the compensation review division to the appellate court."

leave during which she had had knee surgery. Although unable to articulate any specific reasons, she testified that she did not feel comfortable about returning to work. After her return to work, the plaintiff suffered from severe fatigue, palpitations, headaches, insomnia and stress. The plaintiff was treated by her family physician, Darrell Daniels, who prescribed Xanax and rest. In addition, Daniels recommended that she see a psychiatrist if her symptoms continued. During October, 1988, the plaintiff also experienced trouble breathing, for which she saw an allergist, Christopher Randolph. His diagnosis was that the plaintiff's symptoms resulted from anxiety rather than an organic trigger or an underlying reactive airway disease.

While driving to work on November 10, 1988, the plaintiff felt faint, steered her car to the side of the road and rested until she was able to proceed. The plaintiff again felt faint after arriving at work and was taken to Danbury Hospital. After a series of tests failed to reveal any physical malady, the plaintiff was diagnosed as suffering from a viral syndrome. An antibiotic was prescribed and the plaintiff was discharged. While at work on December 9, 1988, the plaintiff again had trouble breathing and developed a rash on her chest and back. She was taken to Danbury Hospital and was diagnosed as having a "hypertension episode."

Thereafter, on December 13, 1988, the plaintiff was treated by Richard Hart, an endocrinologist. At Hart's direction, a number of tests were performed on the plaintiff, the results of which ruled out any physical illness. Hart's resultant diagnosis was that the plaintiff's symptoms were "secondary to job-related stress."

Subsequently, on Hart's recommendation, the plaintiff saw Ellen Fischbein, a psychiatrist, who, along with Susan Jacobson, a therapist and counselor who worked under Fischbein's supervision, treated the plaintiff from

February 16, 1989, through the time of the commission's hearing. In the course of treatment, Fischbein diagnosed the plaintiff as suffering from panic attacks and agoraphobia.[6] Fischbein further opined that the plaintiff's condition was caused by stress at work. In reaching her opinion, Fischbein dismissed as possible causes: (1) the chronic illness of the plaintiff's father, with whom she lived, which, just prior to her attacks, had caused him to become paraplegic; (2) the plaintiff's loss in 1972 of her three month old child to crib death; (3) the plaintiff's overweight condition; (4) the attempted suicide, in August, 1988, of the plaintiff's fifteen year old daughter; (5) problems with the plaintiff's eighteen year old learning disabled son who had dropped out of school; (6) the divorce, in 1988, and return to the family home of the plaintiff's brother, whose former wife had been a good friend of the plaintiff; (7) the long-term disability of the plaintiff's husband due to a serious back injury, which rendered him unable to work; and (8) the plaintiff's previous marriage to a very critical and demanding man, who had been emotionally abusive to her.

At the defendant's request, the plaintiff was examined by another psychiatrist, Walter Borden. After meeting with the plaintiff on May 1 and 16, 1989, Borden concluded that the plaintiff's symptoms were not the result of workplace stress, but of "a masked depression." Borden described the plaintiff's workload as an ordinary stressor that in his opinion was not sufficiently burdensome to trigger anxiety attacks by the plaintiff. According to Borden, the plaintiff's depression and resulting symptoms were caused by the combination of the stressors that had been dismissed as causes by Fischbein.[7]

---

[6] Agoraphobia is an abnormal fear of crossing or of being in open or public places. See Webster's Third New International Dictionary.

[7] The testimony of both Fischbein and Borden was presented to the commissioner in the form of sworn depositions.

I

The plaintiff first claims that the commissioner improperly concluded that the defendant's disclaimer was sufficiently specific to apprise the plaintiff of the grounds on which the right to compensation was being contested as required by § 31-297 (b). The plaintiff relies on *Menzies* v. *Fisher,* 165 Conn. 338, 347, 334 A.2d 452 (1973), in which we held "that the giving of notice by the employer as to specific grounds on which the right to compensation is contested is a condition precedent to the defense of the action." The plaintiff argues that the defendant's disclaimer is merely a general denial of liability that reveals no specific defense or reason why the claim is contested and that the defendant, therefore, is precluded from defending the action. We disagree.

In *Menzies,* we determined the scope and operation of the 1967 amendments to § 31-297 (b); Public Acts 1967, No. 842, § 7; which specified that the employer's failure to file a notice of intention to contest compensability results in a conclusive presumption of the acceptance of liability. *Menzies* v. *Fisher,* supra, 341. In light of the public act's legislative history, we concluded that § 31-297 (b) "was amended to ensure (1) that employers would bear the burden of investigating a claim promptly and (2) that employees would be timely apprised of the specific reasons for the denial of their claim." Id., 343. We also stated, however, that the notice need not be expressed with the technical precision of a pleading, but need only reveal the specific grounds on which compensability is contested. Id., 347–48. A disclaimer is sufficient, therefore, if it reveals to the plaintiff specific substantive grounds on which compensability will be contested.

In order to qualify for workers' compensation benefits a claimant must prove five distinct elements. *Tovish* v. *Gerber Electronics,* 19 Conn. App. 273, 275, 562 A.2d 76, cert. denied, 212 Conn. 815, 565 A.2d 536 (1989). One of the elements of a prima facie claim is that the claimant has suffered a personal injury arising "out of and in the course of employment." Id., 276; see also J. Asselin, Connecticut Workers' Compensation Practice Manual (1985) § 1. In the present case, the defendant's disclaimer stated: "Respondents do contend *[the] plaintiff's stress did not arise out of or in the course of her employment."* (Emphasis added.) This statement is not a general denial. Although the disclaimer was not artfully drafted, it clearly apprises the plaintiff of the defendant's intention to challenge an element of her claim, namely, whether the injury arose out of and in the course of employment. Therefore, the defendant's disclaimer complied with the specificity requirement of § 31-297 (b) and the commissioner properly denied the plaintiff's motion to preclude.[8]

---

[8] The plaintiff also claims that the review division improperly concluded that her notice of claim was sufficient to satisfy General Statutes (Rev. to 1989) § 31-294, but was not sufficient to support her motion to preclude on the basis of General Statutes (Rev. to 1989) § 31-297 (b). In her notice of claim, the plaintiff referred to the defendant as "Dept. of Children & Youth Services" instead of using its full name, "State of Connecticut, Department of Children and Youth Services." The commissioner denied the plaintiff's motion to preclude on the ground, inter alia, that the notice of claim "failed to fully and properly state the name of claimant's employer." Relying on its previous holdings in *Salvaggio* v. *Candlewood Valley Bus Co.,* 6 Conn. Workers' Comp. Rev. Op. 156 (1989), and *Fuller* v. *Central Paving Co.,* 5 Conn. Workers' Comp. Rev. Op. 92 (1988), the review division affirmed and stated: "[F]or a claimant to prevail on a Motion to Preclude the written notice of claim must strictly meet all of the technical requirements of Sec. 31-294."

Because we hold that the defendant's disclaimer was sufficiently specific to fulfill its obligation under § 31-297 (b) and therefore withstand the plaintiff's motion to preclude, our disposition of this issue does not affect the outcome of this case. We address it, however, in order to clarify a miscon-

## II

The plaintiff next claims that the review division improperly affirmed the commissioner's decision that she failed to sustain her burden of proof with regard to the compensability of her claim. In order to prevail on her claim for benefits, the plaintiff correctly argues that she must prove only, by competent evidence, that her employment was a material or substantial factor in her disability. See *Murchison* v. *Skinner Precision Industries, Inc.,* 162 Conn. 142, 150, 291 A.2d 743 (1972). As noted earlier in this opinion, there was evidence of at least eight traumatic events in the plaintiff's life that might have caused her injury. In light of this conflicting evidence, the plaintiff further argues that because her panic attacks and resulting disability may have been caused by more than one stressor, the commissioner was obliged to count as a proximate cause every stressor for which she produced competent evidence and that his failure to do so required

ception on behalf of the review division regarding the standard by which the sufficiency of a notice of claim to trigger an employer's obligation to respond under § 31-297 (b) should be judged.

The rule of strict compliance adopted by the review division is not supported by either the plain language or the legislative history of § 31-297 (b). To the contrary, § 31-297 (b) is remedial legislation that should be liberally construed to accomplish its humanitarian purpose. *Dubois* v. *General Dynamics Corp.,* 222 Conn. 62, 67, 607 A.2d 431 (1992). Specifically, as noted above, it was enacted to require a prompt and thorough investigation of the employee's claim so as to yield a specific disclaimer of liability and to avoid unnecessary delay in the adjudication of workers' claims. As a result, if the notice of claim is sufficient to allow the employer to make a timely investigation of the claim, it triggers the employer's obligation to file a disclaimer. Id.

In the present case, the claimed defect in no way prejudiced the defendant by hindering its ability to investigate the claim. In fact, the defendant was able to file a timely disclaimer that specifically declared that the plaintiff's injury did not arise out of and in the course of employment. We conclude therefore that, on these facts, the plaintiff's notice of claim was sufficient to trigger the defendant's obligation to file a disclaimer.

reversal by the review division. This argument rests on a misunderstanding of the commissioner's fact-finding function and the limited scope of review applied to the commissioner's factual findings.

Whether an injury arose out of and in the course of employment is a question of fact to be determined by the commissioner. *Crochiere* v. *Board of Education,* 227 Conn. 333, 346, 630 A.2d 1027 (1993); *Fair* v. *People's Savings Bank,* 207 Conn. 535, 539, 542 A.2d 1118 (1988). The commissioner's decision may be appealed to the review division, as it was here, pursuant to § 31-301 (a). See footnote 4. The review division does not, however, conduct a de novo review of the facts. Instead, the appeal is restricted to the record of the hearing before the commissioner, and the facts found by the commissioner. The commissioner's conclusion that the injury did not arise out of the course of the plaintiff's employment is accorded the same deference given to similar conclusions of a trial judge or jury on the issue of proximate cause. *Crochiere* v. *Board of Education,* supra, 347. If supported by competent evidence and not inconsistent with the law, the commissioner's inference that an injury did or did not arise out of and in the course of employment is, thus, conclusive. *Fair* v. *People's Savings Bank,* supra.

In the present case, the commissioner had before him conflicting evidence as to the cause of the plaintiff's stress. There was competent evidence that the plaintiff's stress was caused by traumatic events from her personal life that were not related to her employment. Borden stated in his deposition that the plaintiff's anxiety attacks were caused by the events from her personal life and not by her workload. He opined that it was the plaintiff's inability to face these trying obstacles in her life that led to her anxiety attacks. Because the commissioner's determination that the plaintiff's injury did not arise out of and in the course of employ-

ment was supported by competent evidence and was not inconsistent with the law, we conclude that the review division properly affirmed the commissioner's denial of the plaintiff's claim.

The judgment is affirmed.

In this opinion the other justices concurred.