## MARVIN CHASE *v.* STATE OF CONNECTICUT, DEPARTMENT OF MOTOR VEHICLES
### (AC 16114)

Foti, Lavery and Spear, Js.

---

500

Submitted on briefs March 6—officially released June 24, 1997

*Brian W. Prucker* and *Robert Fitzgerald,* filed a brief for the appellant (plaintiff).

*Richard Blumenthal,* attorney general, and *Matthew B. Beizer* and *William J. McCullough,* assistant attorneys general, filed a brief for the appellee (defendant).

*Opinion*

SPEAR, J. The issue in this workers' compensation case is whether the plaintiff's notice of injury was sufficient to trigger the statutory twenty day period[1] within

---

[1] At the time of the defendant's injury, General Statutes (Rev. to 1989) § 31-297 (b) provided in relevant part: "Whenever liability to pay compensation is contested by the employer, he shall file with the compensation commissioner, on or before the twentieth day after he has received a written notice of claim, a notice in accord with a form prescribed by the commissioners stating that the right to compensation is contested, the name of the claimant, the name of the employer, the date of the alleged injury . . . and the specific grounds on which the right to compensation is contested, and a copy thereof shall be sent to the employee. *If the employer or his legal representative fails to file the notice contesting liability within the time prescribed herein, the employer shall be conclusively presumed to have accepted the compensability of such alleged injury or death and shall have no right thereafter to*

which an employer may file a notice contesting liability for the claim. The commissioner ruled that the notice, sent to the "Department of Motor Vehicles" rather than to the "State of Connecticut, Department of Motor Vehicles" was insufficiently addressed to impose an obligation on the defendant to file a notice contesting liability within the twenty day period. The commissioner, therefore, denied the plaintiff's motion to preclude the defendant from contesting liability and, thereafter, dismissed the claim. The compensation review board (review board) affirmed the commissioner's decision denying the motion to preclude,[2] and this appeal followed.

The plaintiff asserts that the notice of injury was sufficiently addressed so that his employer, the state of Connecticut, had an opportunity to make a timely investigation of the claim. Therefore, the commissioner improperly denied the motion to preclude. The defendant asserts that the plaintiff's contention is contrary to the applicable precedent of the review board and is supported only by nonbinding dicta from a Supreme Court case. As alternative grounds for affirmance,[3] the defendant contends that the motion to preclude was properly denied because (1) the claim here is not bona fide, (2) the alleged date or dates of injury were too vague and ambiguous to allow the timely investigation contemplated by the twenty day rule of

*contest the employee's right to receive compensation on any grounds . . . ."* (Emphasis added.)

[2] After a hearing on the merits, the trial commissioner dismissed the claim after concluding that the plaintiff had failed to establish his alleged injuries with sufficient credible evidence. On appeal, the plaintiff does not challenge the dismissal of his claim; rather, he challenges only the denial of his motion to preclude.

[3] Although the defendant did not file a preliminary statement of issues stating these claims as alternative grounds of affirmance; see Practice Book § 4013; we may still consider them as such. The plaintiff had the opportunity to address these claims in a reply brief, but chose not to do so. See *In re Jennifer*, 29 Conn. App. 689, 692, 617 A.2d 921 (1992).

General Statutes (Rev. to 1989) § 31-297 (b), and (3) the plaintiff did not provide evidence that established the sufficiency of his notice. We reverse the decision of the review board because we conclude that the notice of claim was sufficient to trigger the twenty day period.

The following facts are relevant to our resolution of this appeal. On July 19, 1989, the plaintiff was employed by the state of Connecticut, department of motor vehicles (defendant). On July 26, 1989, the plaintiff mailed a notice of claim to the defendant. The notice was addressed to the "Department of Motor Vehicles" at 60 State Street in Wethersfield. It stated that the plaintiff "while in the employ of Department of Motor Vehicles at Norwich, CT, on the 19th day of July, 1989, or sometime prior thereto, sustained injuries arising out of and in the course of his . . . employment as follows . . . Repetitive Trauma/Repetitive Act and/or Trauma to Back, and Repetitive Trauma/Repetitive Act and/or Trauma to Left Knee." The defendant received the notice of claim on July 28, 1989.

On September 1, 1989, thirty-five days after it received the notice of claim, the defendant sent a notice contesting liability to the plaintiff and to the workers' compensation district office. On September 26, 1990, the plaintiff filed a motion to preclude the defendant from contesting the compensability of his alleged injury because the defendant failed to comply with the twenty day time limit set forth in § 31-297 (b). The workers' compensation commissioner denied his motion on September 13, 1991, because the notice failed to identify the defendant as "State of Connecticut, Department of Motor Vehicles."[4]

---

[4] The plaintiff appealed that denial to the review board. After the review board affirmed the commissioner's decision, the plaintiff appealed to this court. On May 11, 1993, this court dismissed the plaintiff's appeal for lack of a final judgment.

After this court's dismissal, the merits of the plaintiff's claim was heard by the workers' compensation commission. The commission dismissed his

## I

The purpose of the preclusion statute is to "ensure (1) that employers would bear the burden of investigating a claim promptly and (2) that employees would be timely apprised of the specific reasons for the denial of their claim. These effects would, in turn, diminish delays in the proceedings, discourage arbitrary refusal of bona fide claims and narrow the legal issues which were to be contested." *Menzies* v. *Fisher*, 165 Conn. 338, 343, 334 A.2d 452 (1973).

Before an employer's obligation to respond is triggered, a plaintiff must first file a notice of claim. See General Statutes (Rev. to 1989) § 31-294. Until our Supreme Court decided *Pereira* v. *State*, 228 Conn. 535, 637 A.2d 392 (1995), the review board, in judging the sufficiency of a notice of claim, consistently adhered to a rule of strict compliance[5] with § 31-294. See, e.g., *Fuller* v. *Central Paving Co.*, 5 Conn. Workers' Comp. Rev. Op. 92 (1988). In *Pereira*, however, our Supreme Court addressed, in dicta, the issue of what constitutes a sufficient notice of claim "to clarify a misconception on behalf of the review [board] regarding the standard by which the sufficiency of a notice of claim to trigger an employer's obligation to respond under § 31-297 (b) should be judged. The rule of strict compliance adopted by the review [board] is not supported by either the plain language or the legislative history of § 31-297 (b). To the contrary, § 31-297 (b) is remedial legislation that should be liberally construed to accomplish its humanitarian purpose. . . . [I]t was enacted to require a prompt and thorough investigation of the employee's claim so as to yield a specific disclaimer of liability and to avoid unnecessary delay in the adjudication of

claim. The plaintiff appealed that decision to the review board, which affirmed the dismissal. This appeal followed.

[5] The first time the review board addressed the plaintiff's preclusion claim, it applied this rule of strict compliance.

workers' claims. As a result, *if the notice of claim is sufficient to allow the employer to make a timely investigation of the claim, it triggers the employer's obligation to file a disclaimer.*" (Citation omitted; emphasis added.) *Pereira* v. *State*, supra, 542–43 n.8.[6]

After the *Pereira* decision, the review board retreated from its rule of strict compliance and adopted this relaxed standard. See *Bell* v. *Dow Corning STI, Inc.*, 13 Conn. Workers' Comp. Rev. Op. 109, 111 (1995). Although the relevant language in *Pereira* is dicta, we are disinclined to resolve the same issue on virtually identical facts contrary to such clear and persuasive guidance from our Supreme Court. We fail to discern how the addition of the words "State of Connecticut" would have added to the effectiveness of the notice here. The defendant's notice contesting liability states that it *knew* of the injury on July 19, 1989, and it is undisputed that the department of motor vehicles received the plaintiff's notice on July 28, 1989. Indeed, in the notice contesting liability the defendant lists the name of the employer as "Motor Vehicles," an even more cryptic description than the plaintiff's. The address of the employer is listed on the disclaimer as 60 State Street, the exact address that the plaintiff used.

Any lack of opportunity to investigate the claim apparently resulted from internal misdirection of the notice. Contrary to the defendant's assertion, we do not read General Statutes (Rev. to 1989) § 31-294[7] as

[6] In *Pereira*, our Supreme Court indicated that where a plaintiff addressed a notice of claim to "Dept. of Children & Youth Services," instead of using its proper name, "State of Connecticut, Department of Children and Youth Services," the notice was sufficient to trigger the employer's obligation to respond pursuant to § 31-297 (b). Similarly, in this case, the plaintiff's failure to address the notice to "State of Connecticut, Department of Motor Vehicles" in no way hindered the defendant's ability to investigate the claim or caused it prejudice.

[7] At the time of the plaintiff's injury, General Statutes (Rev. to 1989) § 31-294 provided in relevant part: "Any employee who has sustained an injury

requiring a plaintiff to send notice to a legal agent for service or to some other person who "could reasonably be expected to handle this sort of notice." Because the notice went to the same place to which it would have gone if "State of Connecticut" had been added to the address, the defendant had an opportunity to make a timely investigation of the claim. The notice contesting liability came too late and the defendant should have been precluded from contesting the compensability of the claim.

## II

The defendant asserts as alternative grounds for affirmance that, even if we adopt the *Pereira* standard, the notice of claim was insufficient because (1) it failed to state a precise date on which the alleged injuries occurred, (2) the claim is not bona fide and (3) the plaintiff did not prove that his notice satisfied the *Pereira* standard. We find no merit in these contentions.

## A

In his notice, the plaintiff alleged that he suffered a repetitive injury and trauma to his knee[8] and back on

---

in the course of his employment shall forthwith notify his employer, or some person representing his employer, of such injury; and, on his failure to give such notice, the commissioner may reduce the award of compensation proportionately to any prejudice which he finds the employer has sustained by reason of such failure . . . . No proceedings for compensation under the provisions of this chapter shall be maintained unless a written notice of claim for compensation is given within one year from the date of the accident or within three years from the first manifestation of a symptom of the occupational disease, as the case may be . . . . Such notice may be given to the employer or any commissioner and shall state, in simple language, the date and place of the accident and the nature of the injury resulting therefrom, or the date of the first manifestation of a symptom of the occupational disease and the nature of such disease, as the case may be, and the name and address of the employee and of the person in whose interest compensation is claimed. . . ."

[8] After he sent his notice of claim to his employer, the plaintiff abandoned his claim for repetitive trauma to his knee and proceeded only with the claim regarding his back.

or before July 19, 1989. The defendant was thus on notice that on or before that date the plaintiff sustained one or both types of injuries.

The notice of claim was sufficient to allow the defendant to investigate the claim of repetitive injury in a timely manner. A repetitive trauma, by definition, necessarily occurs over a period of time. See *Quinn* v. *Knapp*, 12 Conn. Workers' Comp. Rev. Op. 334 (1994). The review board has consistently held that where a notice of claim alleges a repetitive trauma, the lack of a precise date of injury is not fatal to a notice of claim. See id., 336.

The notice was also sufficient to enable the defendant to investigate the plaintiff's allegation that he incurred a traumatic injury on or before July 19, 1989. Unlike those cases in which a plaintiff alleges an inaccurate date of accidental injury; see, e.g., *Simmons* v. *Bonhotel*, 13 Conn. Workers' Comp. Rev. Op. 234 (1995); *Pickard* v. *Manchester Gardens Condominium Assn., Inc.*, 10 Conn. Workers' Comp. Rev. Op. 216 (1992); in this case, the defendant does not claim that the date in the notice is inaccurate.[9] Rather, it asserts that the notice of claim was insufficient because it was "impossible . . . to focus its investigation on any particular time." We are unpersuaded by the defendant's assertion. If the results of the defendant's investigation did not reveal an accidental injury on the precise date given in the notice, or in the several days prior thereto, the defendant reasonably could have disclaimed liability for the traumatic injury.[10]

We conclude that the date in the notice of claim was sufficient to enable the defendant to make a timely

[9] In its brief, the defendant points out that the trial commissioner found that the plaintiff reported an inaccurate date of injury to his doctor. It does not claim, however, that the injury did not occur on the specified date.

[10] General Statutes (Rev. to 1989) § 31-300 provides in relevant part: "In cases where the claimant prevails and the commissioner finds that the employer or insurer has unreasonably contested liability, the commissioner may allow to the claimant a reasonable attorney's fee. . . ."

investigation in order to determine whether to contest liability.

B

The defendant next asserts that the denial of the plaintiff's motion to preclude was proper because he is not a bona fide plaintiff. The merits of his case have been adjudicated and his case was dismissed. As such, the defendant asserts, "he should not be entitled to utilize the preclusion statute to validate his meritless claim." We disagree.

The defendant cites no cases, and our research reveals none, where a subsequent finding on the merits was used to justify a denial of a motion to preclude. In making the determination of whether a motion to preclude should have been granted, we inquire into the sufficiency of the employee's notice of claim and the timeliness and sufficiency of the employer's notice contesting liability.

The defendant imports a mistaken notion into the language of *Menzies* v. *Fisher*, supra, 165 Conn. 343, in which our Supreme Court explained that one of the purposes of § 31-297 (b) was to "discourage arbitrary refusal of bona fide claims . . . ." The requirement in the statute that a contesting employer state "the specific grounds on which the right to compensation is contested" serves that purpose. General Statutes (Rev. to 1989) § 31-297 (b). The statute in no way authorizes a retrospective review of the merits of the claim in order to address the question of preclusion. If we were to adopt the defendant's contention, the twenty day rule of § 31-297 (b) would be meaningless. A notice contesting liability would not be precluded, even if late, because the defendant would have a chance to contest the claim. If the defendant were to prevail, the claim, in hindsight, would not be considered bona fide. If the plaintiff were to prevail, the defendant would have had the opportu-

nity fully to contest the claim, in contravention of the clear intent of the preclusion statute.

### C

Finally, the defendant asserts that the plaintiff failed to provide sufficient evidence to support his claim that his notice of claim satisfied the *Pereira* standard. This claim is without merit.

The determination of whether the notice of claim in this case "is sufficient to allow the employer to make a timely investigation of the claim" is a question of law, not of fact. *Pereira* v. *State*, supra, 228 Conn. 542–43 n.8. In making this determination, we look within the four corners of the notice of claim. The plaintiff was not required to offer any evidence in support of his assertion that the notice of claim was sufficient to trigger his employer's obligation to respond pursuant to § 31-297 (b).

The decision of the review board is reversed and the case is remanded with direction to sustain the plaintiff's appeal and to remand the matter to the commissioner with direction to grant the plaintiff's motion to preclude.

In this opinion the other judges concurred.