JOEL HEBERT *v.* RWA, INC., ET AL.
(AC 17214)

Landau, Sullivan and Daly, Js.

Argued January 13—officially released April 14, 1998

*Brian E. Prindle*, for the appellant (defendant William Hansen).

*Michelle D. Truglia*, assistant attorney general, with whom, on the brief, was *Richard Blumenthal*, attorney general, for the appellee (defendant second injury fund).

*Opinion*

SULLIVAN, J. The defendant William Hansen, doing business as Hansen Brothers General Contractors, appeals from the decision of the workers' compensation review board affirming the trial commissioner's finding that Hansen was the principal employer obligated to assume liability for all compensation and medical expenses due to the plaintiff, Joel Hebert, pursuant to General Statutes § 31-291.[1] Hansen claims that the board improperly (1) affirmed the commissioner's finding that Hansen was the principal employer of the plaintiff, (2) affirmed the commissioner's finding that the defendant second injury fund (fund) could pursue its claim against

[1] General Statutes § 31-291 provides in relevant part: "When any principal employer procures any work to be done wholly or in part for him by a contractor, or through him by a subcontractor, and the work so procured to be done is a part or process in the trade or business of such principal employer, and is performed in, on or about premises under his control, such principal employer shall be liable to pay all compensation under this chapter to the same extent as if the work were done without the intervention of such contractor or subcontractor. . . ."

Hansen under § 31-291 or General Statutes § 31-355 as the principal employer of the plaintiff for all moneys paid by the fund to the plaintiff, (3) concluded that the commissioner properly took administrative notice of a transcript of a prior hearing held in this matter on April 26, 1993, and (4) failed to find that the commissioner's consideration of the prior hearing was prejudicial to Hansen. Hansen claims the board should have ordered a new hearing based on each of the aforementioned issues. We disagree.

The record reveals the following facts and procedural history. The plaintiff injured his back on October 20, 1992, while working in the employ of the defendant appellee RWA, Inc., doing business as RWA Roofing & Sheet Metal (RWA). The injury occurred while the plaintiff was installing a roof on the premises of the Ground Round restaurant in Groton. RWA had entered into a contract with Hansen to install a rubber flat roof on the building. Hansen had never before installed a flat roof of any kind. Hansen's business is primarily residential contracting, such as performing repairs and additions to residential buildings, and some light commercial work, such as fixing table legs, installing shelves and hanging doors. The plaintiff instituted a workers' compensation claim relative to his injury and named both RWA and Hansen as parties. Neither RWA nor Hansen carried workers' compensation insurance at the time of the injury.

Two formal workers' compensation hearings took place. The first hearing concluded on April 26, 1993, and resulted in a finding of facts and award of compensation dated May 24, 1993. The commissioner found that the plaintiff sustained a compensable injury while in the course of his employment with RWA on October 20, 1992, that RWA did not maintain workers' compensation insurance and that Hansen was the principal employer on the roofing job where the plaintiff was

injured. The commissioner issued subsequent findings and awards dated November 4, 1993, and August 5, 1994, relative to payment of benefits to the plaintiff pursuant to § 31-355. Hansen appealed in a timely fashion from each of the findings and awards. On December 6, 1994, the board sustained Hansen's appeal and remanded the matter for further proceedings on the issue of whether Hansen was the principal employer under the Workers' Compensation Act (act), General Statutes § 31-275 et seq. The board remanded the appeal because most of the tapes and stenographic notes of the first hearing were lost and, consequently, the board did not have available to it a transcript to review the commissioner's finding that Hansen was the principal employer. After the remand, the workers' compensation office received a transcript of the April 26, 1993 hearing.

The second formal hearing resulted in a second finding and award, which was issued on July 10, 1995. The commissioner found that Hansen was the principal employer and therefore liable for all compensation and medical benefits due to the plaintiff under § 31-291. Hansen appealed to the board from that finding and award. Subsequently, the fund was ordered to pay benefits to the plaintiff under § 31-355. On May 2, 1997, the board affirmed the July 10, 1995 finding and award, and this appeal followed.

The standard of review in workers compensation matters is clear: "The conclusions drawn by [the commissioner] from the facts found must stand unless they result from an incorrect application of the law to the subordinate facts or from an inference illegally or unreasonably drawn from them." (Internal quotation marks omitted.) *Besade* v. *Interstate Security Services*, 212 Conn. 441, 449, 562 A.2d 1086 (1989). "[T]he power and duty of determining the facts [rest] on the commissioner, the trier of facts." (Internal quotation marks omitted.) *Six* v. *Thomas O'Connor & Co.*, 235 Conn.

790, 798, 669 A.2d 1214 (1996). "It matters not that the basic facts from which the [commissioner] draws this inference are undisputed rather than controverted. . . . It is likewise immaterial that the facts permit the drawing of diverse inferences. The [commissioner] alone is charged with the duty of initially selecting the inference which seems most reasonable and his choice, if otherwise sustainable, may not be disturbed by a reviewing court." (Citation omitted; internal quotation marks omitted.) Id., 799.

"Our scope of review of actions of the [board] is . . . limited. . . . The decision of the [board] must be correct in law, and it must not include facts found without evidence or fail to include material facts which are admitted or undisputed." (Internal quotation marks omitted.) *Knapp* v. *New London,* 44 Conn. App. 465, 468, 691 A.2d 11 (1997).

I

Hansen first claims that there was insufficient evidence for the commissioner to find that he was the principal employer of the plaintiff. We disagree.

Whether one is a principal employer is governed by § 31-291. There are three main elements involved in this statute. " 'One, the relation of the principal employer and contractor must exist in work wholly or in part for the former. Two, the work must be in, on or about premises controlled by the principal employer; and three, the work must be a part or process in the trade or business of the principal employer.' " *Mancini* v. *Bureau of Public Works,* 167 Conn. 189, 193, 355 A.2d 32 (1974).

Hansen concedes the first element, namely that a contract existed between him and RWA. The second element requires that Hansen must have been in control of the premises where the injury occurred. "The term

control in [the context of § 31-291] has a specific meaning. It is merely descriptive of the work area and is used instead of such words as owned by him or in his possession in order to describe the area in a more inclusive fashion. The emphasis is upon limitation of the area within which the accident must happen rather than upon actual control of the implements which caused the accident." (Internal quotation marks omitted.) *Alpha Crane Service, Inc.* v. *Capitol Crane Co.*, 6 Conn. App. 60, 73–74, 504 A.2d 1376, cert. denied, 199 Conn. 808, 508 A.2d 769 (1986).

Hansen alleges that he did not control the premises because he did not own them, have a trailer or office on them or have the ability to control the plaintiff's activities. The evidence shows, however, that Hansen visited the job site daily, inspected the ongoing work and asked the plaintiff to address certain problem areas on the roof before proceeding. Hansen alone dealt with the owners of the premises and he was ultimately responsible to them for the satisfactory completion of the work. The record supports the commissioner's finding that Hansen was in control of the subject premises.

The third element requires that the work be "a part or process in the trade or business" of the principal employer. Hansen claims that his business is residential remodeling and repair and some light commercial work, neither of which includes installing flat roofs on commercial buildings. There is no question that Hansen obtained the contract for installation of the roof by dealing directly with the restaurant and that he then hired RWA to install the roof. Hansen negotiated the contract price with the restaurant and with RWA, reserving a fee for himself. The case law is settled that as long as the subcontractor's operations "entered directly into the successful performance of the commercial function of the principal employer"; (internal quotation marks omitted) *Mancini* v. *Bureau of Public Works*,

supra, 167 Conn. 196; those operations are a part or process of the trade or business of the principal employer.

"The finding of the commissioner cannot be changed unless the record discloses that the finding includes facts found without evidence . . . ." (Internal quotation marks omitted.) *Kish* v. *Nursing & Home Care, Inc.*, 47 Conn. App. 620, 627, 706 A.2d 1372, cert. granted on other grounds, 244 Conn. 914, 714 A.2d 6 (1998). We conclude that the evidence supports the commissioner's finding that Hansen was the principal employer of the plaintiff for purposes of § 31-291.

## II

Hansen's second claim is that the commissioner and the board improperly found that the fund had legal authority to recover from Hansen, as the principal employer, any sums the fund paid to the plaintiff for injuries the plaintiff received while he was working for RWA.

The fund's right to receive payment from persons or firms on whose behalf the fund has made payment is found in §§ 31-291[2] and 31-355 (c)[3] and (d).[4] The purpose

[2] See footnote 1.

[3] General Statutes § 31-355 (c) provides: "The employer and the insurer, if any, shall be liable to the state for any payments made out of the fund in accordance with this section or which the state has by award become obligated to make from the fund, together with cost of attorneys' fees as fixed by the court. If reimbursement is not made, or a plan for payment to the fund has not been agreed to by the Treasurer and employer, within ninety days of any payment from the fund, the Attorney General shall bring a civil action, in the superior court for the judicial district where the award was made, to recover all amounts paid by the fund pursuant to the award, plus double damages together with reasonable attorney's fees and costs as taxed by the court. Any amount paid to the Treasurer by the employer or insurer after the filing of an action, but prior to its completion, shall be subject to an interest charge of eighteen per cent per annum, calculated from the date of original payment from the fund."

[4] General Statutes § 31-355 (d) provides in relevant part: "Any recovery made under this section, including any recovery for costs or attorney's fees, shall be paid into the fund. . . ."

of § 31-291 "is to protect employees of minor contractors against the possible irresponsibility of their immediate employers, by making the principal employer who has general control of the business in hand liable as if he had directly employed all who work upon any part of the business which he has undertaken to carry on." (Internal quotation marks omitted.) *Sgueglia* v. *Milne Construction Co.*, 212 Conn. 427, 433, 562 A.2d 505 (1989). Any reasonable reading of § 31-291 makes it clear that the principal employer is ultimately liable for payment of a worker's compensation claim for an injury received while at work.

The plain meaning of § 31-355 (c) makes the employer liable to the state for any payments made out of the fund. Thus, if the fund makes any payments on behalf of an employer, then the entity on whose behalf payment was made shall be liable to the fund for the amount paid plus interest, damages and attorney's fees. Hansen claims that the fund made payments to the plaintiff on behalf of RWA, not Hansen, because RWA was the entity adjudicated responsible for payment. Hansen asserts that because neither RWA nor the plaintiff have rights against Hansen, the fund also has no such rights. Essentially, Hansen argues that the fund is no more than a subrogee and has no greater rights than those of the party to whom it is subrogated, in this case, RWA. That is the law relative to insurance claims but not workers' compensation claims. The fund's rights are not in any way limited by the rights that either the plaintiff or RWA have against Hansen. It is clear that there is no prohibition barring the fund from collecting moneys for which it has paid an obligation owed under the act by the principal employer, in this case, Hansen.

III

Hansen next alleges that the commissioner improperly took administrative notice of the transcript of the

proceeding that took place on April 26, 1993. Hansen claims that the commissioner's action prejudiced him because the board had remanded the case for a de novo hearing.

The following additional facts are relevant to a resolution of this claim. The workers' compensation office lost the transcripts of the hearing that resulted in the finding and award of May 24, 1993. As a result, when Hansen appealed that finding and award, the board remanded the matter for a hearing de novo. After the remand, but prior to the commencement of the second formal hearing, the transcript of the April 26, 1993 hearing was found. The attorney for the fund used the transcript in the May 24, 1995 proceedings in an attempt to impeach Hansen's testimony. In addition, the commissioner stated in paragraph three of her July 10, 1995 finding and award that she took administrative notice of all prior findings, pleadings and decisions of the board.

Hansen claimed that this was improper and filed a motion to correct dated July 24, 1995. That motion did not, however, seek to correct paragraph three of the finding and award. In that motion, which was denied, Hansen sought to have the following findings of the commissioner deleted: "43. Mr. Hansen admitted that he did not have workers' compensation insurance for the Ground Round project. 44. Mr. Hansen admitted that he received written notice of the formal hearing held on April 26, 1993, that he attended that hearing and that he testified at that hearing."

Hansen sets forth no evidence to support his claim of prejudice. In this regard, we note that the transcript of the April 26, 1993 hearing was available to Hansen's attorneys and to the attorneys for the fund at the time of the May 24, 1995 hearing.

In taking administrative notice of the prior proceedings in this matter and, in particular, of the transcript

of April 26, 1993, the commissioner was exercising her discretion. Workers' compensation commissioners have the power to take administrative notice of pleadings in the matters before them and in other files and related matters. See *DeAlmeida* v. *M.C.M. Stamping Corp.*, 29 Conn. App. 441, 444, 615 A.2d 1066 (1992). Moreover, there was sufficient evidence introduced at the May 24, 1995 hearing to support the commissioner's July 10, 1995 finding and award, and there is no evidence whatsoever to suggest that the commissioner relied on incorrect information. In exercising her discretion, the commissioner did not prejudice Hansen in any way.

## IV

Hansen's last claim is that the commissioner improperly incorporated into her findings the finding of a prior commissioner that Hansen was a principal employer in this matter. Hansen refers to a statement in the procedural history portion of the July 10, 1995 finding and award in which the findings of fact and award of compensation of May 24, 1993, was set forth. The purpose of the reference to the May 24, 1993 finding and award was simply to set forth the long history of this matter. Again, Hansen fails to substantiate his claim. There is no evidence that the commissioner based any of her findings on the May 24, 1993 finding and award. To set forth the procedural history of a matter, where it includes a prior finding and award, is not improper absent some evidence to show that a party was prejudiced thereby.

The decision of the compensation review board is affirmed.

In this opinion the other judges concurred.