ANGEL SAMAOYA *v.* WILLIAM GALLAGHER ET AL.
(AC 27654)

Schaller, DiPentima and Harper, Js.

Submitted on briefs February 9—officially released July 24, 2007

*William T. Blake, Jr.*, filed a brief for the appellant (named defendant).

*Richard Blumenthal*, attorney general, and *Lisa Guttenberg Weiss* and *William J. McCullough*, assistant attorneys general, filed a brief for the appellee (defendant second injury fund).

*Opinion*

SCHALLER, J. The principal issue in this appeal is whether the workers' compensation review board (board) properly affirmed the finding of the workers' compensation commissioner (commissioner) that the defendant William Gallagher,[1] doing business as Gallagher Construction, was a principal employer obligated

---

[1] The commissioner found that the defendants William Gallagher, Gallagher Construction, Jeffrey Farnham and New England Realty, LLC, were principal employers of the plaintiff and therefore liable for all workers' compensation benefits not paid by the defendant Marino Painting. Because only William Gallagher appealed to the compensation review board, we refer to him as the defendant.

to assume liability for compensation[2] due to the plaintiff, Angel Samaoya, pursuant to General Statutes § 31-291.[3] On appeal, the defendant claims that the board improperly (1) affirmed the commissioner's finding that he was a principal employer of the plaintiff and (2) concluded that the commissioner's finding was not void for uncertainty. We affirm the decision of the board.

The record reveals the following facts and procedural history. The plaintiff was employed as a house painter by Marino's Painting. On June 30, 2003, he fell twenty-seven feet from a ladder while working on a house renovation project in New Canaan, suffering compensable injuries to his right foot.

New England Realty Enterprises, LLC (New England Realty), owned the premises at which the renovation work was being performed. Marino's Painting had been hired by Jeffrey Farnham, acting on behalf of New England Realty. The town records of New Canaan listed the defendant's business, Gallagher Construction, as the general contractor for the renovation project. The plaintiff also observed the defendant giving instructions at the job site concerning the painting work and making payments to Marino's Painting for work performed on the premises.

[2] The defendant second injury fund is the appellee in this appeal. The defendant did not have workers' compensation insurance. Pursuant to General Statutes § 31-355 (h), "[w]hen a finding and award of compensation has been made against an uninsured employer who fails to pay it, that compensation shall be paid from the Second Injury Fund . . . ." The plaintiff did not file briefs before the board or this court.

[3] General Statutes § 31-291, titled "Principal employer, contractor and subcontractor," provides in relevant part that "[w]hen any principal employer procures any work to be done wholly or in part for him by a contractor, or through him by a subcontractor, and the work so procured to be done is a part or process in the trade or business of such principal employer, and is performed in, on or about premises under his control, such principal employer shall be liable to pay all compensation under this chapter to the same extent as if the work were done without the intervention of such contractor or subcontractor. . . ."

Following his injury, the plaintiff filed claims for workers' compensation benefits against Marino's Painting who he claimed was Farnham, doing business as New England Realty, and the defendant. Neither Marino's Painting nor the defendant had workers' compensation insurance coverage on the date of the plaintiff's injury. New England Realty did not defend against the plaintiff's claim.

A formal hearing was held before the commissioner on June 1, 2004. In a finding and award issued on May 24, 2005, the commissioner determined that Marino's Painting was hired by either Gallagher Construction or by New England Realty through Farnham. The commissioner further found that "(1) the two individuals—[the defendant] and Farnham—either individually or as the principal in their respective entity—procured work to be done on the premises where the [plaintiff's] injury occurred; (2) the work that Marino's Painting was to do on the premises is part of the trade or business of a subcontractor; and (3) either or both, [the defendant] and Farnham, controlled the premises in their representative or individual capacities." The commissioner concluded that the defendant, Gallagher Construction, Farnham and New England Realty were all principal employers under § 31-291 and, consequently, liable for all workers' compensation benefits not paid by Marino's Painting. The defendant appealed to the board, which affirmed the commissioner's decision. This appeal followed.

The standard of review in workers' compensation appeals is well settled. "[W]hen a decision of a commissioner is appealed to the review [board], the review [board] is obligated to hear the appeal on the record of the hearing before the commissioner and not to retry the facts. . . . It is the power and the duty of the commissioner, as the trier of fact, to determine the facts. . . . [T]he commissioner is the sole arbiter of the

weight of the evidence and the credibility of witnesses
. . . . The conclusions drawn by [the commissioner] from the facts found must stand unless they result from an incorrect application of the law to the subordinate facts or from an inference illegally or unreasonably drawn from them. . . . We will not change the finding of the commissioner unless the record discloses that the finding includes facts found without evidence or fails to include material facts which are admitted or undisputed. . . . Similarly, [t]he decision of the [board] must be correct in law, and it must not include facts found without evidence or fail to include material facts which are admitted or undisputed." (Citations omitted; internal quotation marks omitted.) *Brinson* v. *Finlay Bros. Printing Co.*, 77 Conn. App. 319, 323–24, 823 A.2d 1223 (2003).

I

The defendant first claims that the board improperly affirmed the commissioner's finding that he was a principal employer of the plaintiff. The defendant argues that the commissioner's finding failed to establish conclusively that he had hired Marino's Painting or that he had controlled the premises at which the painting work was performed, as required for liability to attach under § 31-291.

Pursuant to § 31-291, principal employer liability attaches "[w]hen any principal employer procures any work to be done wholly or in part for him by a contractor, or through him by a subcontractor, and the work so procured to be done is a part or process in the trade or business of such principal employer, and is performed in, on or about premises under his control . . . ." Section 31-291 involves three main elements: "One, the relation of the principal employer and contractor must exist in work wholly or in part for the former. Two, the work must be in, on or about premises

controlled by the principal employer; and three, the work must be a part or process in the trade or business of the principal employer." (Internal quotation marks omitted.) *Hebert* v. *RWA, Inc.*, 48 Conn. App. 449, 453, 709 A.2d 1149, cert. denied, 246 Conn. 901, 717 A.2d 239 (1998). In this appeal, we are concerned with whether the defendant procured the work performed by Marino's Painting and whether he controlled the premises at which the work was performed.

We note that our review of the defendant's claim is limited by the procedural posture of this case. Because the defendant did not file a motion to correct the factual findings of the commissioner, he is unable to challenge those findings now. See *Sellers* v. *Sellers Garage, Inc.*, 80 Conn. App. 15, 19, 832 A.2d 679, cert. denied, 267 Conn. 904, 838 A.2d 210 (2003); see also Regs., Conn. State Agencies § 31-301-4. We therefore are limited to determining whether the board's conclusions on the basis of those facts "result[ed] from an incorrect application of the law to the subordinate facts or from an inference illegally or unreasonably drawn from them. . . . In other words, [t]hese conclusions must stand unless they could not reasonably or logically be reached on the subordinate facts." (Internal quotation marks omitted.) *Sellers* v. *Sellers Garage, Inc.*, supra, 19–20.

A

The defendant contends that the first element of § 31-291 cannot be established absent a factual finding by the commissioner that he hired Marino's Painting, thereby creating a contractual relationship between him and Marino's Painting. We are not persuaded.

Contrary to the defendant's argument, § 31-291 does not require a contractual relationship. Rather, the statute simply requires a "procurement" of work. As stated, to satisfy the first element of the statute, "the relation of the principal employer and contractor must exist in

work wholly or in part for the former." (Internal quotation marks omitted.) *Hebert* v. *RWA, Inc.*, supra, 48 Conn. App. 453.

In the present case, the commissioner's factual findings established a relationship of general contractor and subcontractor between the defendant's business, Gallagher Construction, and Marino's Painting. First, the commissioner found that the building permit issued by the town of New Canaan listed Gallagher Construction as the general contractor for the renovation project. Further, the commissioner credited the plaintiff's testimony as to the role of Marino's Painting as a subcontractor, which he was free to do as the sole arbiter of the weight of the evidence and the credibility of witnesses. See *Brinson* v. *Finlay Bros. Printing Co.*, supra, 77 Conn. App. 323. Specifically, the commissioner found that the plaintiff observed the defendant giving instructions concerning the painting work as well as making payments to Marino's Painting. The commissioner determined that the plaintiff understood that he was working for Marino's Painting, which, in turn, was working for a company involving both the defendant and Farnham. From this evidence, it reasonably can be inferred that Marino's Painting performed work in part for the defendant, thereby satisfying the first element of § 31-291.

## B

The defendant further contends that the commissioner's finding failed to establish that he controlled the premises, as required for liability to attach under § 31-291. We disagree.

"The term 'control' in [the context of § 31-291] has a specific meaning. It is merely descriptive of the work area and is used instead of such words as 'owned by him' or 'in his possession' in order to describe the area

in a more inclusive fashion. The emphasis is upon limitation of the area within which the accident must happen rather than upon actual control of the implements which caused the accident." (Internal quotation marks omitted.) *Alpha Crane Service, Inc.* v. *Capitol Crane Co.,* 6 Conn. App. 60, 73–74, 504 A.2d 1376, cert. denied, 199 Conn. 808, 508 A.2d 769 (1986).

In the present case, it reasonably may be inferred from the commissioner's factual findings that the defendant exercised the requisite control over the area in which the plaintiff was injured to qualify as a principal employer under § 31-291. As previously indicated, the commissioner found that the official town records listed Gallagher Construction as the general contractor. In addition, the commissioner credited the plaintiff's testimony that the defendant gave instructions concerning the painting work.

Accordingly, we conclude that the board properly affirmed the commissioner's finding that the defendant was a principal employer of the plaintiff.

II

The defendant next claims that the board improperly concluded that the commissioner's finding was not void for uncertainty. The defendant specifically refers to the commissioner's factual findings that Marino's Painting was hired by either the defendant or Farnham, acting on behalf of New England Realty, and that either or both the defendant and Farnham controlled the premises. The crux of the defendant's argument is that the commissioner's overall finding is void as a result of his alternative factual findings because the issue of liability remained undetermined. We disagree.

The defendant's argument that the commissioner's finding is void for uncertainty is unavailing because the commissioner imposed liability on *both* the defendant

and Farnham in their individual and representative capacities as principal employers of the plaintiff. Specifically, the commissioner found that "[the defendant], Gallagher Construction . . . Farnham and New England Realty . . . are all principal employers . . . liable for all [workers' compensation] benefits to the extent not paid by Marino's Painting."

It is well established that multiple employers can be held liable as principal employers. "[W]henever an injured employee of a subcontractor receives a compensable injury he may pursue his remedy against his immediate employer or any one or more principal employers as thus defined, or against all in one proceeding. Where there is an original contractor and a consecutive chain of subcontractors down to the workman receiving a compensable injury, each contractor in such chain and his immediate employer is a principal employer as to the injured workman . . . ." *Palumbo* v. *Fuller Co.*, 99 Conn. 353, 365, 122 A. 63 (1923).

We conclude that the board properly determined that the commissioner's finding was not void for uncertainty.

The decision of the workers' compensation review board is affirmed.

In this opinion the other judges concurred.