TIMOTHY GREENE *v.* ACES ACCESS ET AL.
(AC 29007)

DiPentima, Harper and West, Js.

Argued May 21—officially released September 30, 2008

*Steven J. DeFrank*, for the appellant (plaintiff).

*Andrew A. Cohen*, for the appellees (defendants).

*Opinion*

PER CURIAM. The plaintiff, Timothy Greene, appeals from the decision of the workers' compensation review board (board), which affirmed the decision of the workers' compensation commissioner (commissioner), dismissing his claim for compensation from the defendant Aces Access.[1] The dispositive issue is whether the evidence presented at the formal hearing and the subordinate facts found by the commissioner support the commissioner's conclusion that the plaintiff had not suffered a compensable injury.[2] We answer that question in the affirmative and, accordingly, affirm the decision of the board.

The commissioner found the following facts. The plaintiff has a history of back problems. As a student and varsity basketball player at Southern Connecticut State University, he periodically received care from the team's trainer for back pain. After graduating from college in 1999, he continued to play basketball a few times per month.

On June 25, 2002, the plaintiff was involved in a motor vehicle accident. On that day, he sought treatment from Joseph Quaranta, a medical internist, for soreness in his lower back. The plaintiff sought additional treatment from Quaranta on November 25 and December 13, 2002, for lower back pain, which was attended by pain radiating down his right leg. The medical reports

---

[1] Connecticut Health Care Workers' Compensation Trust, the workers' compensation insurer for Aces Access, is also a defendant in this case. For convenience, we refer in this opinion to Aces Access as the defendant.

[2] The plaintiff further claims that the commissioner improperly failed to consider the degree to which his preexisting disability had exacerbated his compensable injury in accordance with General Statutes § 31-349 (a). Because we conclude that the commissioner properly determined that the plaintiff did not suffer a compensable injury, we further conclude that § 31-349 is inapplicable, and, accordingly, the commissioner properly conducted no analysis pursuant to that statute.

from those visits indicate that the pain arose after the plaintiff had twisted his back while playing basketball. Quaranta prescribed medication for the plaintiff and scheduled him for a magnetic resonance imaging (MRI) scan on December 23, 2002. The MRI revealed a herniated disc and a disc protrusion in the plaintiff's lower back, both of which were consistent with the pain radiating down his right leg.[3]

In the meantime, the plaintiff began working for the defendant on December 3, 2002, as a full-time job coach for adults with developmental disabilities. As part of his job duties, the plaintiff provided transportation for clients to job sites. The plaintiff testified that on December 18, 2002, he felt a "pop" in his back and experienced pain from his back through his right leg after lifting an occupied wheelchair onto a ramp of a transportation van owned by the defendant. He reported this incident to a nurse and to his supervisor later that day.

The next day, the plaintiff sought medical attention from Gerard J. Girasole, an orthopedic physician, for his lower back pain. Rolando R. Lopez, a physician's assistant to Girasole, conducted the initial examination of the plaintiff and wrote a report. Lopez' report does not indicate that the plaintiff's symptoms were the result of a work-related injury.[4] Instead, the report states in relevant part: "For the past month the [plaintiff's] back pain has been getting worse with radiation now of his symptoms down his right leg which is newer. He has never had radicular pain. . . . His medical internist has scheduled him for an MRI . . . ." Girasole

---

[3] A subsequent computerized axial tomography scan on August 25, 2003, and MRIs on August 26, 2003, and April 4, 2005, yielded similar results.

[4] The report from a subsequent visit with Girasole on February 24, 2003, also does not mention the December 18, 2002 incident. The first time the December 18, 2002 incident is noted by Girasole is in a report following a March 25, 2003 visit with the plaintiff.

testified that if the plaintiff had complained of a work-related injury, that fact would have been recorded in the report.

Following the December 23, 2002 MRI, Quaranta referred the plaintiff to James K. Sabshin, a neurosurgeon. Sabshin first examined the plaintiff on July 19, 2003, and found him to be totally disabled, diagnosing him with disc herniations in his lower back. During a subsequent visit, Sabshin opined that the plaintiff most likely had sustained his injuries as a result of the December 18, 2002 incident. He based this diagnosis on the fact that the plaintiff had reported to him "no previous history of significant injuries to his low back or sciatic pain" prior to the December 18, 2002 incident.

The plaintiff stopped working for the defendant in July, 2004, and began working full-time for a new employer. In performance of his duties in this new position, he was required to lift a minimum of fifty pounds. Since beginning his new job, the plaintiff has continued to experience occasional pain in his lower back but has worked in spite of it. He also has continued to play basketball.

The plaintiff filed a claim for workers' compensation benefits as a result of the December 18, 2002 incident. After a formal hearing on April 11 and October 17, 2005, the commissioner dismissed the plaintiff's claim, determining that the plaintiff had failed to prove that he had suffered a compensable injury on December 18, 2002, which arose out of and in the course of his employment. The commissioner thereafter denied the plaintiff's motion to correct, and the board affirmed the commissioner's decision. This appeal followed.

We apply a well settled standard of review in appeals from the board. In workers' compensation cases, "the injured employee bears the burden of proof, not only with respect to whether an injury was causally con-

nected to the workplace, but that such proof must be established by competent evidence." (Internal quotation marks omitted.) *Dengler* v. *Special Attention Health Services, Inc.*, 62 Conn. App. 440, 447, 774 A.2d 992 (2001). "[W]hen a decision of a commissioner is appealed to the review [board], the review [board] is obligated to hear the appeal on the record of the hearing before the commissioner and not to retry the facts. . . . It is the power and the duty of the commissioner, as the trier of fact, to determine the facts. . . . [T]he commissioner is the sole arbiter of the weight of the evidence and the credibility of witnesses . . . . The conclusions drawn by [the commissioner] from the facts found must stand unless they result from an incorrect application of the law to the subordinate facts or from an inference illegally or unreasonably drawn from them. . . . We will not change the finding of the commissioner unless the record discloses that the finding includes facts found without evidence or fails to include material facts which are admitted or undisputed. . . . Similarly, [t]he decision of the [board] must be correct in law, and it must not include facts found without evidence or fail to include material facts which are admitted or undisputed." (Internal quotation marks omitted.) *Samaoya* v. *Gallagher*, 102 Conn. App. 670, 673–74, 926 A.2d 1052 (2007).

Our review of the record reveals that the evidence presented at the formal hearing adequately supported the commissioner's findings. Contrary to the plaintiff's assertions in his brief, the parties submitted conflicting medical evidence as to the cause and timing of the plaintiff's lower back injuries. The plaintiff's claim ignores the deposition testimony of William H. Druckemiller, a neurosurgeon, who opined that on the basis of his independent examination of the plaintiff and the plaintiff's medical records, the plaintiff likely sustained a lower back injury prior to December 18, 2002, and

that "the lifting incident is not likely to be a significant contributing factor to his need for treatment . . . ." The commissioner specifically credited Druckemiller's testimony, which contradicted the opinions of Girasole and Sabshin that the plaintiff's back injuries occurred as a result of a December 18, 2002 work-related incident.[5] We will not disturb the commissioner's assessment of witness credibility. See *Samaoya* v. *Gallagher*, supra, 102 Conn. App. 673–74. Accordingly, we conclude that the commissioner properly found that the plaintiff had failed to sustain his burden of proving that his back injuries, i.e., the disc herniation and disc protrusion, were the result of, or were aggravated by, the December 18, 2002 incident. The board, in turn, properly left the commissioner's findings undisturbed.

The decision of the workers' compensation review board is affirmed.

---

[5] The commissioner discredited the opinions of Girasole and Sabshin as to the cause of the plaintiff's injuries because they had formed their opinions on the basis of information provided by the plaintiff, whom the commissioner also found to be neither credible nor persuasive.