THOMAS WILCOX *v.* BOROUGH OF NAUGATUCK ET AL. (6977)

DUPONT, C. J., BORDEN and SPALLONE, Js.

Submitted on briefs September 13—decision released October 11, 1988

*Thomas G. Parisot* filed a brief for the appellant (named defendant et al.).

*Edward T. Dodd, Jr.,* filed a brief for the appellee (plaintiff).

PER CURIAM. The defendants are appealing a decision of the compensation review division of the workers' compensation commission sustaining the granting, by the compensation commissioner of the plaintiff's motion to preclude.

The plaintiff, Thomas Wilcox, was employed by the defendant borough of Naugatuck at the time he filed a claim for a compensable injury under the Workers' Compensation Act. The defendant Connecticut Interlocal Risk Management Agency (CIRMA) was the borough's compensation insurance carrier at that time.

In response to the plaintiff's notice of claim filed pursuant to General Statutes § 31-297 (b), CIRMA, in its status as the borough's insurer, filed a disclaimer, via a workers' compensation commission form 43-67 entitled "Notice to Compensation Commissioner and Employee of Intention to Contest Liability to Pay Compensation." The pertinent disclaimer set forth as follows: "Employee did not sustain accidental injury as defined by the Workers' Compensation Act. We deny the injury, any disability and causal relation."

Thereupon, the plaintiff filed a motion to preclude alleging that the disclaimer was insufficient as a matter of law because it failed to disclose specific substantive grounds adequately to apprise him of the reasons why the defendants were contesting his claim.

Following the receipt of the parties' briefs, the commissioner granted the motion to preclude, thereby preventing the defendants from contesting the plaintiff's claim for compensation.

The defendants appealed the commissioner's decision to the compensation review division which, by opinion dated April 8, 1988, affirmed the decision of the commissioner. From this decision of the compensation review division, the defendants have taken this appeal.

The sole claim of error before us is whether the disclaimer filed by the defendants sufficiently complies with the requirements of General Statutes § 31-297 (b) to allow the defendants to defend on the merits of the plaintiff's claim. We agree with the commissioner and the review division that the language employed in the defendants' purported disclaimer is inadequate and fails to conform to the mandates of § 31-297 (b) as enunciated in *Menzies* v. *Fisher,* 165 Conn. 338, 341–48, 334 A.2d 452 (1973).

In *Menzies,* the alleged disclaimer, in part, stated: "[W]e deny a compensable accident or injury." Id., 341. Although, in the present case, the defendants' attempted disclaimer contains more words, it, in essence, is nothing more than a general denial that the court in *Menzies* deemed inadequate to raise a contest. Therefore, we affirm the decision of the compensation review division.

There is no error.