MAUREEN C. TOVISH ET AL. *v.* GERBER
ELECTRONICS ET AL.
(7303)

DALY, STOUGHTON and NORCOTT, Js.

Argued June 9—decision released August 1, 1989

*Scott Wilson Williams,* for the appellants (defendants).

*Gerard S. Spiegel,* for the appellees (plaintiffs).

NORCOTT, J. This is an appeal from a decision of the compensation review division of the workers' compensation commission sustaining the compensation commissioner's granting of the plaintiffs' motion to preclude.

On January 20, 1987, Richard Tovish, an employee of the defendant Gerber Electronics, suffered a fatal heart attack while shoveling snow in front of his home in Monroe. At the time of his death, the defendant Home Insurance Company was the compensation insurance carrier for Gerber Electronics.

On January 29, 1987, the plaintiffs, the widow and minor children of Richard Tovish, filed a claim for a compensable injury under the Workers' Compensation Act. In response, the defendants filed a timely form 43-67 disclaimer pursuant to General Statutes § 31-297 (b), notifying the plaintiffs of their intent to contest liability to pay compensation. The essence of the disclaimer was as follows: "[I]njury (heart attack) did not arise out of or in the course and scope of employment."

Thereafter, the plaintiffs filed a motion to preclude, alleging that the defendants' disclaimer did not conform to General Statutes § 31-297 (b) in that it failed to disclose "the specific grounds on which the right to compensation is contested . . . ." The commissioner granted the motion to preclude and, on appeal, the compensation review division affirmed the commissioner's

decision, thereby prohibiting the defendants from defending on the merits of the plaintiffs' claim. From this decision of the compensation review division, the defendants now appeal.

The sole issue is whether the defendants' disclaimer sufficiently complies with the requirements of General Statutes § 31-297 (b). We find error.

In *Menzies* v. *Fisher,* 165 Conn. 338, 341–48, 334 A.2d 452 (1973), the Supreme Court set forth the standard for determining whether language employed in a form 43-67 disclaimer is sufficiently specific to meet the statutory requirements. The court held that an alleged disclaimer that stated in relevant part, " '[w]e deny a compensable accident or injury' "; id., 341; was a general denial and a mere conclusory statement that notified the claimant of nothing more than the fact that the liability was being contested. Id., 344.[1] Accordingly, the court held that such a general denial was inadequate for the purposes of General Statutes § 32-297 (b). The present case, however, is clearly distinguishable from *Menzies.*

A claimant for workers' compensation benefits must prove five distinct elements in order to establish a prima facie claim: (1) the workers' compensation commission has jurisdiction over the claim; (2) the claim has been timely brought by filing a notice of claim within the requisite time period or by coming within one of the exceptions thereto; (3) the claimant is a qualified claimant under the act; (4) the respondent is a covered employer under the act; and (5) the claimant has suffered a personal injury as defined by the act,

---

[1] See also *Wilcox* v. *Naugatuck,* 16 Conn. App. 676, 677, 548 A.2d 469 (1988), in which we recently held the following disclaimer inadequate under the *Menzies* standard: "Employee did not sustain accidental injury as defined by the Workers' Compensation Act. We deny the injury, any disability and causal relation."

arising out of and in the course of employment. J. Asselin, Connecticut Workers' Compensation Practice Manual (1985) § 1.

The defendants' disclaimer clearly contests the fifth element. We are persuaded that the disclaimer was sufficient to apprise the plaintiffs that the defendants were challenging an element the plaintiffs were obliged to prove in order to meet the prima facie threshold for their claim. The denial that the personal injury, the heart attack, arose out of and in the course of employment was neither vague nor conclusory; it adequately stated what was at issue. "[T]he sufficiency of the notice under the statute must be judged not by the technical meaning which a court might attach to it, nor by a meaning the defendant subsequently discloses at the hearing, but rather by the criterion of whether it reveals to the claimant specific substantive grounds for the contest." *Menzies* v. *Fisher,* supra, 345.

In the present case, we conclude that the defendants' disclaimer meets the statutory requirement of supplying specific grounds for denying the claim and is not the type of general denial rejected by the Supreme Court in *Menzies.* The defendants, therefore, were improperly denied their right to contest the claim on the merits. Accordingly, the decision of the compensation review division cannot stand.

There is error, the decision of the compensation review division is set aside and the case is remanded for further proceedings in accordance with this opinion.

In this opinion the other judges concurred.