### SERGEY YELUNIN *v.* ROYAL RIDE TRANSPORTATION ET AL.
### (AC 30367)

Bishop, DiPentima and Harper, Js.*

---

* The listing of judges reflects their seniority status on this court as of the date of oral argument.

Argued February 1—officially released May 11, 2010

*Lawrence G. Widem,* assistant attorney general, with whom, on the brief, were *Richard Blumenthal,* attorney general, and *Philip M. Schulz,* assistant attorney general, for the appellant (defendant second injury fund).

*Jennifer Katz,* for the appellee (defendant Hartford Underwriters Insurance Company).

*Opinion*

HARPER, J. In this workers' compensation matter, the defendant, the second injury fund (fund),[1] appeals

---

[1] The purpose of the fund "is to provide compensation for an injured employee when the employer fails to pay." *Matey v. Estate of Dember,* 256 Conn. 456, 485–86, 774 A.2d 113 (2001). In compensating an injured employee, the fund "does not make any distinctions concerning the reasons for the employer's failure to pay." Id., 486.

from the decision of the workers' compensation review board (board) affirming the determination of the trial commissioner (commissioner) that the defendant, Royal Ride Transportation (Royal), did not have workers' compensation insurance on the date of injury to the plaintiff employee, Sergey Yelunin. On appeal, the fund claims that the board improperly found that the defendant insurer, Hartford Underwriters Insurance Company (Hartford), effectively cancelled the workers' compensation insurance covering Royal prior to the date of the injury to the plaintiff. We affirm the decision of the board.

The following facts are relevant to our resolution of this matter. The plaintiff suffered a compensable injury while in the employ of Royal on July 7, 2005. Prior to the plaintiff's injury, Royal maintained a workers' compensation insurance policy with Hartford. On May 20, 2005, Hartford decided to cancel Royal's workers' compensation insurance policy. On May 23, 2005, Hartford, through its administrator, Travelers Property & Casualty (Travelers), sent written notice to Royal that its workers' compensation policy was to be cancelled effective June 24, 2005. Travelers did not use a method of mailing, such as certified mail, that would have provided documentary evidence that Royal received the cancellation. The commissioner found that Hartford's notification of cancellation had been received by Royal and, therefore, that the workers' compensation insurance policy covering Royal had been cancelled prior to the plaintiff's date of injury. The fund appealed to the board from the commissioner's determination, claiming that Hartford failed to notify Royal properly of the cancellation of Royal's workers' compensation insurance policy, thereby rendering the cancellation ineffective. The board concluded that it was not unreasonable for the commissioner to infer that Royal had received the

notification of cancellation and affirmed the determination of the commissioner that Royal's policy had been effectively cancelled prior to the date of injury to the plaintiff. This appeal followed. Additional facts will be set forth as necessary.

On appeal, the fund claims that the commissioner improperly made inferences on the basis of contestable facts to find that Royal had notice that its workers' compensation insurance policy had been cancelled by Hartford. For this reason, the fund argues that Hartford's cancellation of Royal's policy was ineffective. In response to the fund's appeal, Hartford claims that it was not required by statute to give notice to Royal of its cancellation of Royal's workers' compensation insurance policy. For this reason, Hartford argues that, because it otherwise complied with the statutory notice requirements set forth under the Workers' Compensation Act (act); General Statutes § 31-275 et seq.; its cancellation of Royal's policy was effective at the time the plaintiff was injured. We agree with Hartford and affirm the decision of the board on alternate grounds.

The fund argues that we cannot review Hartford's claim that it was not required to provide direct notice to Royal because the board declined to address this issue. We disagree. The fund has asked us to review whether the board properly affirmed the commissioner's determination that Hartford provided *adequate* notice to Royal of the cancellation of Royal's policy. We can hardly evaluate the adequacy of Hartford's notice of cancellation to Royal without first determining whether such notice was even required in the first place. Therefore, the dispositive issue before us is whether, in order for an insurer's cancellation of a workers' compensation insurance policy to become effective, the insurer is required to provide notice to the policyholder of the cancellation of its policy. We may affirm a judgment "on a dispositive alternate ground for which there is

support in the trial court record." (Internal quotation marks omitted.) *Webster Bank* v. *Oakley*, 265 Conn. 539, 554 n.14, 830 A.2d 139 (2003), cert. denied, 541 U.S. 903, 124 S. Ct. 1603, 158 L. Ed. 2d 244 (2004). Accordingly, we will address the issue of whether Hartford was required to notify Royal that it was cancelling its workers' compensation policy in order for the cancellation to become effective.

"As a threshold matter, we set forth the standard of review applicable to workers' compensation appeals. The principles that govern our standard of review in workers' compensation appeals are well established. The conclusions drawn by [the commissioner] from the facts found must stand unless they result from an incorrect application of the law to the subordinate facts or from an inference illegally or unreasonably drawn from them. . . . It is well established that [a]lthough not dispositive, we accord great weight to the construction given to the workers' compensation statutes by the commissioner and [the] board. . . . A state agency is not entitled, however, to special deference when its determination of a question of law has not previously been subject to judicial scrutiny." (Internal quotation marks omitted.) *Marandino* v. *Prometheus Pharmacy*, 294 Conn. 564, 572, 986 A.2d 1023 (2010).

The fund claims that "pursuant to [General Statutes §§ 31-348 and 31-321], [an] insurance carrier must give [an] insured notice of [an] intended policy cancellation." The fund's reliance on § 31-321, however, is misplaced. Section 31-321 provides in relevant part: "Unless otherwise specifically provided, or unless the circumstances of the case or the rules of the commission direct otherwise, any notice required under this chapter to be served upon an employer, employee or commissioner shall be by written or printed notice, service personally or by registered or certified mail addressed to the person upon whom it is to be served at his last-known

residence or place of business. . . ." On the basis of a plain reading of the statute, it is clear that § 31-321 governs the *manner* in which notice is to be served when it is required under the act; § 31-321 does not, however, independently require workers' compensation insurance providers to provide notice in any particular circumstance.

Cancellation of a workers' compensation insurance policy occurs in accordance with § 31-348. *Dengler* v. *Special Attention Health Services, Inc.*, 62 Conn. App. 440, 459, 774 A.2d 992 (2001). Section 31-348 provides in relevant part that "[t]he cancellation of any [workers' compensation insurance policy] shall not become effective until fifteen days after notice of such cancellation has been filed with the chairman [of the workers' compensation commission]." The only precondition to effective cancellation contained in § 31-348 is that an insurer provide notification to the chairman of the workers' compensation commission. Although notification to the chairman is surely governed by the mandate of § 31-321, there is no independent requirement within the workers' compensation statutory scheme that a workers' compensation insurer provide notification directly to an insured that would serve to trigger the mandate of § 31-321. Indeed, "§ 31-348 has been interpreted as protecting employees or anyone examining coverage records in the commissioner's office. In that regard, *an employer's understanding as to when coverage terminated is largely irrelevant . . . .*" (Emphasis added.) *Dengler* v. *Special Attention Health Services, Inc.*, supra, 461. Therefore, the board's review of the adequacy of Hartford's notice to Royal was unnecessary, as Hartford was not required to provide notice of the cancellation to Royal in order for the cancellation to become effective.

Section 31-348 clearly states that the cancellation of a workers' compensation insurance policy is effective

fifteen days after notice of such cancellation is filed with the chairman of the workers' compensation commission. In the present case, the fund does not contest that a copy of Hartford's notice of cancellation of Royal's policy was received by the designated agent for the chairman on May 25, 2005. The plaintiff was injured on July 7, 2005, more than one month later. We thereby affirm, on the aforementioned alternate grounds, the board's determination that Hartford's workers' compensation insurance policy covering Royal had been effectively cancelled at the time the plaintiff was injured.

The decision of the workers' compensation review board is affirmed.

In this opinion the other judges concurred.