THOMAS LAMAR *v.* BOEHRINGER INGELHEIM
CORPORATION ET AL.
(AC 33838)

DiPentima, C. J., and Beach and Foti, Js.

Argued May 30—officially released October 30, 2012

*Matthew E. Dodd*, with whom, on the brief, was *Matthew P. Lascelle*, for the appellant (plaintiff).

*James D. Moran, Jr.*, with whom, on the brief, was *Maribeth M. McGloin*, for the appellees (defendants).

*Opinion*

DiPENTIMA, C. J. The plaintiff, Thomas Lamar, appeals from the decision of the workers' compensation review board (board) affirming the decision of the workers' compensation commissioner (commissioner) denying his motion to preclude the defendant employer, Boehringer Ingelheim Corporation,[1] from contesting the payment of benefits pursuant to the Workers' Compensation Act (act), General Statutes § 31-275 et seq. We affirm the decision of the board.

The following facts, as found by the commissioner, and procedural history are relevant to our resolution of this appeal. On December 4, 2007, the defendant mailed a form 43[2] to contest the plaintiff's claim for benefits. As of this date, the plaintiff had not filed a notice of his claim via a form 30C.[3] The defendant's

---

[1] Liberty Mutual Insurance Group, the workers' compensation liability insurer for Boehringer Ingelheim Corporation, also is a defendant. For convenience, we refer in this opinion to Boehringer Ingelheim Corporation as the defendant.

[2] "A form 43 is a disclaimer that notifies a claimant who seeks workers' compensation benefits that the employer intends to contest liability to pay compensation. If an employer fails timely to file a form 43, a claimant may file a motion to preclude the employer from contesting the compensability of his claim." (Internal quotation marks omitted.) *Gamez-Reyes v. Biagi*, 136 Conn. App. 258, 261–62 n.6, 44 A.3d 197, cert. denied, 306 Conn. 905, 52 A.3d 731 (2012); see generally 2 A. Sevarino, Connecticut Workers' Compensation After Reforms (4th Ed. 2010) pp. 649–51.

[3] "A form 30C is the document prescribed by the workers' compensation commission to be used when filing a notice of claim pursuant to the [act]." (Internal quotation marks omitted.) *Gamez-Reyes v. Biagi*, 136 Conn. App. 258, 261 n.5, 44 A.3d 197, cert. denied, 306 Conn. 905, 52 A.3d 731 (2012); see generally 2 A. Sevarino, Connecticut Workers' Compensation After Reforms (4th Ed. 2010) pp. 626–28.

form 43 was sent by certified mail to the plaintiff, who never claimed it. In this form 43, the defendant listed the date of injury as September 6, 2007, the body part injured as lymph nodes, and the nature of the injury as sarcoidosis.[4] The defendant also indicated the reason for the contest as: "[The plaintiff] did not suffer an injury which arose out of or in the course of his employment."

On December 10, 2007, the plaintiff filed a form 30C. The form indicated that the injury was repetitive trauma and the date of injury as January 1, 2005, through the "present." He also listed the body parts injured as "lungs, respiratory complaints." On February 6, 2008, the defendant filed a second form 43, again listing the date of injury as September 6, 2007, the body parts injured as "lungs, respiratory complaints," and the nature of the injury as "repetitive trauma/sarcoidosis." The defendant again listed the reason for the contest as: "[The plaintiff] did not suffer an injury which arose out of [or in] the course of his employment."

The plaintiff argued to the commissioner that both disclaimers filed by the defendant should have been precluded as a matter of law.[5] Specifically, he claimed

[4] Sarcoidosis is defined as "[a] systemic granulomatous disease of unknown cause, especially involving the lungs with resulting interstitial fibrosis, but also involving lymph nodes, skin, liver, spleen, eyes, phalangeal bones and parotid glands; granulomas are composed of epithelioid and multinucleated giant cells with little or no necrosis." Stedman's Medical Dictionary (27th Ed. 2000) p. 1593.

[5] "When an employer fails to comply with the statutory mandate of [General Statutes] § 31-294c and a motion to preclude is granted, the employer is precluded from contesting either the compensability of its employee's claimed injury or the extent of the employee's resulting disability. . . . Once a motion to preclude is granted, the only further role that an employer can play in the proceeding on the merits before the commissioner is to decide whether or not to stipulate to the compensation claimed. If the employer does not so stipulate, the claimant proceeds with his or her case, subject to examination by the commissioner without participation by the employer. . . . Preclusion, therefore, does not relieve a claimant of the obligation to prove his or her claim by competent evidence." (Citations omitted.) *Callender* v. *Reflexite Corp.*, 137 Conn. App. 324, 333–34, 49 A.3d 211 (2012).

that, as to the first disclaimer, (1) service was improper under General Statutes § 31-321 and (2) the disclaimer failed to specify the date of the alleged injury or place him on notice of any real defense. He also argued that the second disclaimer was untimely and lacked sufficient specificity.[6]

The commissioner determined that the defendant's use of certified mail to send the first disclaimer to the plaintiff satisfied the requirements of § 31-321, despite the plaintiff's failure to claim it. With respect to the issue of the sufficiency of the first disclaimer, the commissioner stated: "I find that the form 43 received by the commission on December 12, 2007, via certified mail lists a specific date of injury as September 6, 2007. The form 30C, which was filed after the form 43, lists a range of dates from January 1, 2005, through the present, which includes the date on the form 43 of September 6, 2007. The nature of the injury is listed as sarcoidosis, and the reason for the contestment states that the [plaintiff] did not suffer an injury which arose out of and in the course of his employment. I find that the [plaintiff], reading this document as a whole, was provided with sufficient information and was placed on notice that the [defendant was] denying his claim due to the condition of sarcoidosis, which developed during the time period alleged in the form 30C." Accordingly, the commissioner denied the motion to preclude filed by the plaintiff pursuant to General Statutes § 31-294c (b).

The plaintiff appealed from this decision to the board. In its decision, the board noted that the plaintiff had not filed a motion to correct the facts found by the commissioner. With respect to the issue of the service

---

[6] We have examined the decisions of the commissioner and the board and conclude that both considered only the initial form 43. For the purposes of this appeal, we also will consider only the validity of the initial form 43, mailed by the defendant on December 4, 2007.

of the first disclaimer, the board noted that § 31-321, written in the disjunctive, allows for service in three ways: personal service, certified mail *or* registered mail. Turning to the adequacy of the disclaimer, the board first observed that there was no statutory or precedential bar to filing a preemptive disclaimer, that is, one filed before the notice of claim. It then rejected the claim that the first disclaimer was too vague, concluding that it placed the plaintiff on notice that the defendant's position was that the injury was personal in nature, and, thus, outside the scope of the act. See General Statutes § 31-275 (16) (A).[7] It then reasoned: "When a [defendant] files a form 43 contesting liability and acknowledges a date of injury under which this commission retains jurisdiction, the initial inaccuracy as to the precise theory of recovery does not materially prejudice the claimant. . . . In addition . . . the [plaintiff] was properly apprised as to the nature of the injury for which the [defendant] disclaimed responsibility. In the present case, the disclaimer acknowledges [that] an alleged injury occurred within the dates in which the [plaintiff] asserts he has exposure to repetitive trauma. We simply do not find [that] the form 43 in this case violates the terms of the statute governing disclaimers. As noted, it appears to clearly enunciate [that] the [defendant] is challenging the etiology of the [plaintiff's] injury and does not advance another theory of defense." For these reasons, the board affirmed the decision of the commissioner. This appeal followed. Additional facts will be set forth as necessary.

Before addressing the specifics of the plaintiff's appeal, we set forth the principles relevant to our workers' compensation jurisprudence. "The purpose of the

---

[7] General Statutes § 31-275 (16) (A) provides: " 'Personal injury' or 'injury' includes, in addition to accidental injury that may be definitely located as to the time when and the place where the accident occurred, an injury to an employee that is causally connected with the employee's employment and is the direct result of repetitive trauma or repetitive acts incident to such employment, and occupational disease."

[workers'] compensation statute is to compensate the worker for injuries arising out of and in the course of employment, without regard to fault, by imposing a form of strict liability on the employer . . . . The [act] compromise[s] an employee's right to a common law tort action for work related injuries in return for relatively quick and certain compensation. . . . The act indisputably is a remedial statute that should be construed generously to accomplish its purpose. . . . The humanitarian and remedial purposes of the act counsel against an overly narrow construction that unduly limits eligibility for workers' compensation. . . . Further, our Supreme Court has recognized that the state of Connecticut has an interest in compensating injured employees to the fullest extent possible . . . . In order to recover pursuant to this act, a plaintiff must prove that the claimed injury is connected causally to the employment by demonstrating that the injury (1) arose out of the employment and (2) occurred in the course of the employment." (Citations omitted; internal quotation marks omitted.) *Jones* v. *Connecticut Children's Medical Center Faculty Practice Plan*, 131 Conn. App. 415, 422–23, 28 A.3d 347 (2011).

I

The plaintiff first claims that the defendant's initial form 43 is invalid because it was not served in accordance with § 31-321. Specifically, he argues that because the defendant was aware that he had not received the notice sent by certified mail,[8] the defendant was required to attempt personal service. We are not persuaded.

The plaintiff's claim is one of statutory interpretation. This issue presents a question of law "over which we exercise plenary review. . . . The process of statutory

---

[8] The parties stipulated that the December, 2007 form 43 was sent to the plaintiff and that he "did not claim it."

interpretation involves the determination of the meaning of the statutory language as applied to the facts of the case, including the question of whether the language does so apply. . . . When construing a statute, [o]ur fundamental objective is to ascertain and give effect to the apparent intent of the legislature. . . . In other words, we seek to determine, in a reasoned manner, the meaning of the statutory language as applied to the facts of [the] case, including the question of whether the language actually does apply. . . . In seeking to determine that meaning, General Statutes § 1-2z directs us first to consider the text of the statute itself and its relationship to other statutes. If, after examining such text and considering such relationship, the meaning of such text is plain and unambiguous and does not yield absurd or unworkable results, extratextual evidence of the meaning of the statute shall not be considered. . . . When the language of a statute is not plain and unambiguous, we look for interpretive guidance to the legislative history and circumstances surrounding its enactment, to the legislative policy it was designed to implement, and to its relationship to . . . common law principles governing the same general subject matter." (Internal quotation marks omitted.) *Arias* v. *Geisinger*, 126 Conn. App. 860, 865–66, 15 A.3d 641, cert. denied, 300 Conn. 941, 17 A.3d 476 (2011).

To resolve this claim, we must consider the interplay between two statutes. "Section 31-294c (b) dictates the strict standards of an employer that seeks to contest liability. Section 31-294c (b) provides in relevant part: Whenever liability to pay compensation is contested by the employer, he shall file with the commissioner, on or before the twenty-eighth day after he has received a written notice of claim, a notice in accord with a form prescribed by the chairman of the Workers' Compensation Commission stating that the right to compensation is contested, the name of the claimant, the name of the

employer, the date of the alleged injury or death and the specific grounds on which the right to compensation is contested. The employer shall send a copy of the notice to the employee in accordance with section 31-321. . . . Notwithstanding the provisions of this subsection, an employer who fails to contest liability for an alleged injury or death on or before the twenty-eighth day after receiving a written notice of claim and who fails to commence payment for the alleged injury or death on or before such twenty-eighth day, shall be conclusively presumed to have accepted the compensability of the alleged injury or death. The workers' compensation commission created the form 43 for use in complying with § 31-294c (b)." (Internal quotation marks omitted.) *Mehan* v. *Stamford*, 127 Conn. App. 619, 626–27, 15 A.3d 1122, cert. denied, 301 Conn. 911, 19 A.3d 180 (2011).

Section 31-321 provides in relevant part: "Unless otherwise specifically provided, or unless the circumstances of the case or the rules of the commission direct otherwise, any notice required under this chapter to be served upon an employer, employee or commissioner shall be by written or printed notice, service personally or by registered or certified mail addressed to the person upon whom it is to be served at the person's last-known residence or place of business. . . ." This statute, therefore, governs the manner in which notice is to be served under the workers' compensation act. *Yelunin* v. *Royal Ride Transportation*, 121 Conn. App. 144, 149, 994 A.2d 305 (2010).

It is undisputed that the form 43 was sent to the plaintiff by certified mail. Under the plain meaning of the statute, written in the disjunctive, the defendant complied with the requirements of § 31-321. The plaintiff would have us read a duty or obligation into the statute that simply is not there. There is no further requirement for the defendant in this case; it properly

used one of the three methods established in § 31-321. "We are constrained to read a statute as written . . . and we may not read into clearly expressed legislation provisions which do not find expression in its words." (Internal quotation marks omitted.) *Curley* v. *Kaiser*, 112 Conn. App. 213, 224, 962 A.2d 167 (2009). The text of the statute does not contemplate any further action required if the intended recipient of the notice, in this case, the plaintiff, fails to claim it. Additionally, the plaintiff's interpretation would lead to the bizarre result of allowing the recipients of such notices to eviscerate two methods of service endorsed by the legislature by refusing to claim either the certified or registered mail. "We have often recognized that those who promulgate statutes . . . do not intend to promulgate statutes . . . that lead to absurd consequences or bizarre results." (Internal quotation marks omitted.) *Shortell* v. *Cavanagh*, 300 Conn. 383, 388–89, 15 A.3d 1042 (2011). Last, we note that the plaintiff has failed to cite to authority in support of his reading of § 31-321. For all these reasons, the plaintiff's claim must fail.

## II

The plaintiff next claims that the defendant's form 43 failed to sufficiently specify the grounds on which the defendant was contesting his right to compensation. Specifically, the plaintiff argues that the form amounts to a general denial because it failed to provide any notice of any specific or substantive defense and incorrectly alleged the date of his injury. We are not persuaded by either argument.

We first consider the plaintiff's argument that the defendant's notice was essentially a general denial. In *Menzies* v. *Fisher*, 165 Conn. 338, 341, 334 A.2d 452 (1973), our Supreme Court considered whether an employer's notice that stated, " '[w]e deny a compensable accident or injury,' was fatally deficient in failing

to specify the grounds on which compensation was denied." It noted that, contrary to the purpose of the statute, "[a] general denial that a claimant has a compensable injury reveals no specific defense or reason why the claim is contested. Such a conclusory statement would leave open numerous possible defenses . . . . As far as notifying the claimant of the specific grounds on which her claim was contested, the stated disclaimer apprised her of nothing except the fact that liability was contested. From this claimant's vantage point, if the defendants proceed on the stated defense . . . she, the claimant, must be prepared to meet any number of undisclosed objections to recovery . . . . Neither the statute nor the [act] contemplates such an impediment to bona fide claims." Id., 344.

The court in *Menzies* further instructed that "the sufficiency of the notice under the statute must be judged not by the technical meaning which a court might attach to it, nor by a meaning the defendant subsequently discloses at the hearing, but rather by the criterion of whether it reveals to the claimant specific substantive grounds for the contest." Id., 345. Ultimately, the court held that the employer must provide a notice setting forth the specific grounds on which compensation under the act is contested as a condition precedent to the defense of the action. Id., 347. "The notice by the employer need not be expressed with the technical precision of a pleading, but it must, as required by the statute, reveal to the claimant the specific grounds on which the right to compensation is contested. . . . The rule contemplates and requires only the simplest procedure and compliance with it enables the principal issues to be framed before a hearing is commenced." (Citation omitted; internal quotation marks omitted.) Id., 347–48. We followed the controlling precedent of *Menzies* in *Wilcox* v. *Naugatuck*, 16 Conn. App. 676, 677–78, 548 A.2d 469 (1988), and concluded

that the following employer's disclaimer failed to meet the statutory requirements: "Employee did not sustain accidental injury as defined by the Workers' Compensation Act. We deny the injury, any disability and casual relation." (Internal quotation marks omitted.) Id., 677.

In *Tovish* v. *Gerber Electronics*, 19 Conn. App. 273, 562 A.2d 76, cert. denied, 212 Conn. 814, 565 A.2d 538 (1989), this court again was presented with the issue of the sufficiency of an employer's notice contesting the right to compensation under the act. We stated that "[t]he essence of the disclaimer was as follows: [I]njury (heart attack) did not arise out of or in the course and scope of employment." (Internal quotation marks omitted.) Id., 274. We then set forth the requirements necessary for a workers' compensation claim. "A claimant for workers' compensation benefits must prove five distinct elements in order to establish a prima facie claim: (1) the workers' compensation commission has jurisdiction over the claim; (2) the claim has been timely brought by filing a notice of claim within the requisite time period or by coming within one of the exceptions thereto; (3) the claimant is a qualified claimant under the act; (4) the respondent is a covered employer under the act; and (5) the claimant has suffered a personal injury as defined by the act, arising out of and in the course of employment. J. Asselin, Connecticut Workers' Compensation Practice Manual (1985) § 1." *Tovish* v. *Gerber Electronics*, supra, 275–76. We concluded that the employer's disclaimer "clearly contest[ed] the fifth element." Id., 276. Five years later, in a case with a similar disclaimer, our Supreme Court reached the same conclusion in *Pereira* v. *State*, 228 Conn. 535, 541–42, 637 A.2d 392 (1994).[9]

---

[9] In *Pereira*, the employer's disclaimer stated: "Respondents do contend [the] *plaintiff's stress did not arise out of or in the course of her employment.*" (Emphasis in original; internal quotation marks omitted.) *Pereira* v. *State*, supra, 228 Conn. 542. Our Supreme Court further explained that "[a]lthough the disclaimer was not artfully drafted, it clearly apprises the plaintiff of the defendant's intention to challenge an element of her claim,

In the present case, the defendant's December, 2007 form 43 set forth the following reason for contesting the plaintiff's right to compensation benefits: "[The plaintiff] did not suffer an injury which arose out of or in the course of his employment." The language essentially mirrors that of the notices used in *Tovish* and *Pereira*. In those cases, our appellate courts concluded that the notices met the specificity requirements for a valid notice to contest benefits under the act. We reach the same conclusion here.

We now turn to the plaintiff's argument that the notice of disclaimer filed by the defendant failed to allege the correct time period of his repetitive trauma injury.[10] The defendant counters that because the date of injury set forth on its notice fell within the period of time that the plaintiff alleged to have suffered the repetitive trauma, the plaintiff's argument must fail. It further contends that its notice accomplished the objectives set by § 31-294c (b). We agree with the defendant.

As we have noted, the defendant filed its form 43 *before* the plaintiff filed his form 30C.[11] The defendant's

namely, whether the injury arose out of and in the course of employment. Therefore, the defendant's disclaimer complied with the specificity requirement of [the statute] . . . ." Id.

[10] General Statutes § 31-275 (16) (A) provides: " 'Personal injury' or 'injury' includes, in addition to accidental injury that may be definitely located as to the time when and the place where the accident occurred, an injury to an employee that is causally connected with the employee's employment and *is the direct result of repetitive trauma or repetitive acts incident to such employment,* and occupational disease." (Emphasis added.) See also *Callender* v. *Reflexite Corp.,* 137 Conn. App. 324, 332, 49 A.3d 211 (2012) (legislature intended to include repetitive trauma injuries among those compensable under act).

[11] Although this issue is not before us, we note that one treatise has opined that "[a] proper Form 43 filed before a proper Form 30C does not in and of itself . . . render the disclaimer deficient." 2 A. Severino, Connecticut Workers' Compensation After Reforms (4th Ed. 2010) p. 651; see also *Gelinas* v. *St. Mary's Hospital,* 7 Conn. Workers' Comp. Rev. Op. 65 (August 16, 1989) (same); *Lopez* v. *Peerless Aluminum Foundry,* 6 Conn. Workers' Comp. Rev. Op. 46 (October 18, 1988) (same).

notice to contest compensation listed the date of injury as September 6, 2007, the affected body part as "LYMPH NODES" and the nature of the injury as "SARCOIDO-SIS."[12] The defendant did not check the box to indicate either an occupational disease or a repetitive trauma. The plaintiff's form 30C listed his date of injury as January 1, 2005, through the present and the body parts injured as "lungs, respiratory complaints." The plaintiff checked the box to indicate that the injury was an occupational disease or a repetitive trauma.

We first address the plaintiff's argument that the defendant's notice was insufficient because it listed the date of injury as September 6, 2007, and not as having occurred over a period of time. The plaintiff relies on *Russell* v. *Mystic Seaport Museum, Inc.*, 252 Conn. 596, 748 A.2d 278 (2000). In that case, the employee filed a notice of claim alleging a repetitive trauma injury that had occurred prior to September 23, 1994. Id., 605. The court observed that "the process of injury from a repetitive trauma is ongoing until [the last date of exposure] . . . and, in many cases . . . the very nature of the injury will make it impossible to demarcate a specific date of injury." (Citation omitted; internal quotation marks omitted.) Id., 613. The defendant filed three form 43s, all indicating the date of the plaintiff's injury as May 2, 1991. Id., 619. Our Supreme Court concluded that these disclaimers were insufficient because they treated the plaintiff's claim as an accidental injury occurring on May 2, 1991, rather than a repetitive injury that occurred prior to September 23, 1994. Id., 621.

We conclude that the present case is distinguishable from *Russell*. The date listed by the defendant's form 43, September 6, 2007, fell within the time period established by the plaintiff's form 30C, January 1, 2005

---

[12] In its decision, the board stated that it found "that the reference to 'sarcoidosis' in the [defendant's] form 43 was a result of the [plaintiff's] treating physician identifying the [plaintiff's] aliment as such."

through December, 2007. The plaintiff's reliance on *Russell*, therefore, is misplaced.

We also agree with the defendant that its form 43 satisfies the statutory requirements of § 31-294c (b). "Our Supreme Court, in discerning the legislative intent behind the notice requirement of General Statutes (Rev. to 1968) § 31-297 (b), now § 31-294c (b), explained that the statute is meant to ensure (1) that employers would bear the burden of investigating a claim promptly and (2) that employees would be timely apprised of the specific reasons for the denial of their claim. . . . The court noted that the portion of the statute providing for a conclusive presumption of liability in the event of the employer's failure to provide timely notice was intended to correct some of the glaring inequities of the workers' compensation system, specifically, to remedy the disadvantaged position of the injured employee . . . ." (Citation omitted; internal quotation marks omitted.) *DiBello* v. *Barnes Page Wire Products, Inc.*, 67 Conn. App. 361, 372, 786 A.2d 1234 (2001), cert. granted on other grounds, 260 Conn. 915, 796 A.2d 560 (2002) (appeal withdrawn June 26, 2002); see also *Chase* v. *State*, 45 Conn. App. 499, 503, 696 A.2d 1299 (1997).

The defendant indisputably investigated the plaintiff's claim in a prompt manner, as its form 43 was filed before the form 30C. Additionally, the defendant made clear to the plaintiff the reason it was contesting the claim under the act; that is, the plaintiff's injury did not arise out of or in the course of his employment. Because this form 43 alerted the plaintiff to the specific substantive ground on which the defendant contested compensability, we conclude that the form 43 was sufficient.[13] See *Pereira* v. *State*, supra, 228 Conn. 541.

---

[13] We conclude, therefore, that the plaintiff's argument that the defendant's notice was ineffective because it failed to address his repetitive trauma claim is without merit. We agree with the reasoning of the board that such a "technical deficiency" did not prejudice the plaintiff and that the "harsh remedy" of preclusion is not warranted.

The decision of the workers' compensation review board is affirmed.