******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

CARLOS RIVEIRO *v.* FRESH START BAKERIES ET AL.
(AC 36836)

Lavine, Sheldon and Keller, Js.

*Argued May 13—officially released August 11, 2015*

(Appeal from Worker's Compensation Review Board.)

*John J. Morgan*, for the appellant (plaintiff).

*Anne Kelly Zovas*, for the appellees (defendants).

*Opinion*

LAVINE, J. The plaintiff, Carlos Riveiro, appeals from the decision of the Workers' Compensation Review Board (board) affirming the Workers' Compensation Commissioner's (commissioner) decisions denying his motion for judgment and the commissioner's findings and denial of his claim for benefits in favor of his employer, the defendant Fresh Start Bakeries (employer).[1] The plaintiff claims that the commissioner should not have allowed the defendants to challenge whether his claimed injury arose out of and occurred in the scope of the plaintiff's employment because they did not provide sufficient notice in their form 43[2] pursuant to General Statutes § 31-294c (b). The plaintiff also claims that the commissioner unreasonably denied his claim for benefits, specifically claiming that the commissioner improperly failed to credit the medical evidence that relied on the plaintiff's account of how the claimed injury occurred. We affirm the decision of the board.

The following facts, as found by the commissioner, and procedural history are relevant to this appeal. On July 12, 2010, the plaintiff began working for the employer as a sanitation worker. One of the plaintiff's duties was to move large wheeled containers loaded with contaminated dough onto a computerized scale for weighing, and then dispose of the dough. The containers each weighed approximately 100 pounds when empty and several hundred pounds when full. On March 9, 2011, the plaintiff claims that he and his coworkers, Herminio Veloz and Naisha Patel, were moving a container loaded with 1000 pounds of dough. The plaintiff claims that Patel then left him and Veloz to finish disposing of the dough. The plaintiff also claims that the wheel on the container broke while they were moving it, causing the container to roll back on his leg. The plaintiff claims that he felt his lower back crack. Patel then came back and finished disposing of the dough with Veloz. After the plaintiff underwent medical examinations, physicians recommended that he undergo lumbar fusion surgery.

The plaintiff claims that on the date of the injury, he mentioned it to Patel, who told him to report it to one of his supervisors. The plaintiff claims that he reported his injury to the lead sanitation worker, Delma Ortiz. Ortiz testified at the hearing before the commissioner that she did not work on March 9, 2011, as it was a Wednesday, her usual day off. Moreover, Ortiz had heard the plaintiff complain of back problems prior to March, 2011, but she did not find out about the plaintiff's claim that he was injured at work on March 9, 2011, until the plaintiff reported it to the employer's office of human resources on March 22, 2011. On that date, he initially told the human resources manager, Kim Green, that he was requesting leave under the Family

Medical Leave Act[3] to undergo back surgery. When Green informed him that he was not eligible for leave, the plaintiff then claimed that he wanted to report a work injury that occurred on March 1, 2011. Green told him that he did not work that day, and the plaintiff then claimed that he was injured on March 9, 2011. The plaintiff went to two different physicians for examination on March 22, 2011. One of the physicians took a history from the plaintiff that stated that the plaintiff was injured on March 1, 2011.

The employer required employees to make daily reports for the sanitation department in which employees were supposed to report any equipment that broke and any injuries that occurred on a particular day, accompanied by an accident report. The plaintiff signed the March 9, 2011 report, but made no note of his alleged injury or the broken container. The commissioner also found that although the plaintiff claimed that the container that injured him weighed 1000 pounds, the March 9, 2011 daily report did not list a container weighing more than 858 pounds.

On April 1, 2011, the plaintiff completed his form 30C[4] providing notice of a claim for compensation and the commissioner received it on April 4, 2011. The defendants timely filed their form 43 to contest the plaintiff's claim, stating therein that "[Defendants] contend that there is a lack of medical evidence supporting causal connection of the low back injury to the claimant's employment. [Defendants] contend that there is lack of medical documentation supporting current and ongoing disability as required by Connecticut General Statutes [§] 31-294.[5] [Defendants] therefore deny liability for medical bills, disabilities, etc. in connection with said claim/injury."

A formal hearing before the commissioner commenced on November 1, 2011, and the record was closed at a hearing session on November 13, 2012. The relevant issue before the commissioner for purposes of this appeal was whether the plaintiff suffered a compensable injury to his back on March 9, 2011, while working for the employer. At the hearing on November 1, 2011, the plaintiff made an oral motion for judgment in his favor, asserting that the defendants were limited to the defenses as listed in the form 43. The plaintiff argued that the defendants were allowed to contest only the sufficiency of the medical evidence and not the underlying issue of whether the injury arose out of and occurred in the course of the plaintiff's employment. On November 7, 2011, the commissioner issued a written decision denying the motion. The commissioner stated that "[t]he [defendants'] form 43 is sufficient to deny this claim. Investigation into the cause of the injury which may contradict the history given to medical providers is part and parcel of challenging the medical evidence."

Thereafter, the commissioner denied the plaintiff's claim for benefits, finding that his testimony was unreliable and the description of how his injury happened was not corroborated by any of the witnesses who testified. She noted that neither party asked or subpoenaed Patel, the person whom the plaintiff supposedly first told about his injury, to testify at the hearing. Furthermore, she doubted the plaintiff's story, noting his testimony that even though the container was so heavy that the wheel broke, Veloz and Patel were still able to finish disposing of the dough without incident. The commissioner found that the witnesses other than the plaintiff were credible. She further stated that she did not credit the portion of the medical evidence supporting the causation of the injury, because, although the physicians providing the evidence were credible, their conclusions about the cause of the injury were based solely on the plaintiff's unreliable narrative.

The plaintiff did not file a motion to correct the commissioner's factual findings, pursuant to Section 31-301-4 of the Regulations of Connecticut State Agencies,[6] but appealed to the board, claiming that because the defendants' disclaimer focused on medical evidence, the commissioner erred in not crediting the medical evidence supporting compensability. The plaintiff also argued that the defendants were limited to the specific grounds stated in their disclaimer. Essentially, the plaintiff asserted the same argument that he had made before the commissioner. The board interpreted the argument as a claim by the plaintiff that the "disclaimer amounted to a concession that the [plaintiff] sustained an injury in the course of his employment on March 9, 2011 as [the defendants were] only contesting the lack of contemporaneous supporting documentation."

The board disagreed with the plaintiff's argument, finding that the disclaimer sufficiently put him on notice that the defendants were contesting that his injury arose out of and in the course of his employment. The board concluded that the defendants' disclaimer challenged one of the essential elements of the plaintiff's prima facie case. The board affirmed the commissioner's ruling, emphasizing that on appeal it gives great deference to the trial commissioner's determinations of a witness's credibility. The board also emphasized that when a commissioner finds a claimant's narrative unreliable, a commissioner is entitled to discredit medical evidence dependent on that narrative. See *Abbotts* v. *Pace Motor Lines, Inc.*, No. 4974, CRB 4-05-7 (July 28, 2006), aff'd, 106 Conn. App. 436, 942 A.2d 505, cert. denied, 287 Conn. 910, 950 A.2d 1284 (2008). The board found that the commissioner in the present case reached a reasonable conclusion that the plaintiff failed to prove that his injuries were the result of an accident arising out of and occurring in the course of his employment. This appeal followed. Additional facts will be set forth as

necessary.

On appeal, the plaintiff claims that the board improperly affirmed the commissioner's dismissal of his claim. Specifically, the plaintiff claims that the defendants' form 43 disclaimer was insufficient under § 31-294c (b)[7] to allow them to contest causation because the form 43 specifically stated that they were challenging the sufficiency of the medical evidence. The plaintiff essentially argues that using the term "medical evidence" was a concession by the defendants that a compensable injury occurred, thus precluding them from challenging that the injury arose out of and occurred in the course of the plaintiff's employment. The plaintiff further claims that because the defendants challenged the claim based on "lack of medical evidence," and all of the physicians agreed that the plaintiff had suffered an injury, it was unreasonable for the board to affirm the commissioner's denial of the plaintiff's claim. We disagree.

Before addressing the plaintiff's specific claims, we set forth the applicable standard of review. "A party aggrieved by a commissioner's decision to grant or deny an award may appeal to the board . . . . The board is obliged to hear the appeal on the record and not retry the facts. . . . [T]he power and duty of determining the facts rests on the commissioner, the trier of facts. . . . The conclusions drawn by him from the facts found must stand unless they result from an incorrect application of the law to the subordinate facts or from an inference illegally or unreasonably drawn from them. . . . Our scope of review of the actions of the board is similarly limited. . . . The role of this court is to determine whether the . . . [board's] decision results from an incorrect application of the law to the subordinate facts or from an inference illegally or unreasonably drawn from them." (Internal quotation marks omitted.) *Kinsey* v. *World Pac*, 152 Conn. App. 116, 121–22, 98 A.3d 66 (2014). "Although [this] court may not supplant its own conclusions for those of the board, the court retains the ultimate obligation to determine whether the administrative action was unreasonable, arbitrary, illegal, or an abuse of discretion." (Internal quotation marks omitted.) *Previti* v. *Monro Muffler Brake, Inc.*, 154 Conn. App. 679, 683, 108 A.3d 1148 (2015).

Our review is constrained by the procedural posture of this case. A party wishing to challenge the factual findings of the commissioner must file a motion to correct pursuant to Section 31-301-4 of the Regulations of the Connecticut State Agencies. "Because the [plaintiff] did not file a motion to correct the factual findings of the commissioner, he is unable to challenge those findings now. . . . We therefore are limited to determining whether the board's conclusions on the basis of those facts result[ed] from an incorrect application of the law to the subordinate facts or from an

inference illegally or unreasonably drawn from them. . . . In other words, [t]hese conclusions must stand unless they could not reasonably or logically be reached on the subordinate facts." (Citations omitted; internal quotation marks omitted.) *Samaoya* v. *Gallagher*, 102 Conn. App. 670, 675, 926 A.2d 1052 (2007).

Under § 31-294c (b), "the giving of notice by the employer as to the specific grounds on which the right to compensation is contested is a condition precedent to the defense of the action." *Menzies* v. *Fisher*, 165 Conn. 338, 347, 334 A.2d 452 (1973). An overly general denial that does not reveal a specific defense or reason why the employer is contesting the claim is insufficient, and can result in the commissioner granting a motion to preclude the employer from contesting compensability. See *Wilcox* v. *Naugatuck*, 16 Conn. App. 676, 677, 548 A.2d 469 (1988). In interpreting the legislative history of the statute our Supreme Court has concluded that its purpose is to "ensure (1) that employers would bear the burden of investigating a claim promptly and (2) that employees would be timely apprised of the specific reasons for the denial of their claim." *Pereira* v. *State*, 228 Conn. 535, 541, 637 A.2d 392 (1994). The court, however, stated that "the notice need not be expressed with the technical precision of a pleading, but need only reveal the specific grounds on which compensability is contested." Id.

A workers' compensation claimant must prove five elements to establish a prima facie case under the Workers' Compensation Act (act), General Statutes § 31-275 et seq.: "(1) the workers' compensation commission has jurisdiction over the claim; (2) the claim has been timely brought by filing a claim of notice within the requisite time period or by coming within one of the exceptions thereto; (3) the claimant is a qualified claimant under the act; (4) the respondent is a covered employer under the act; and (5) *the claimant has suffered a personal injury as defined by the act arising out of and in the course of employment.*" (Emphasis added.) *Tovish* v. *Gerber Electronics*, 19 Conn. App. 273, 275–76, 562 A.2d 76, cert. denied, 212 Conn. 814, 565 A.2d 538 (1989). A valid disclaimer contests one or more of the elements of the plaintiff's prima facie case. See *Pereira* v. *State*, supra, 228 Conn. 542.

The board affirmed the commissioner's ruling that the defendants' form 43 disclaimer was sufficient to allow the defendant to contest the causal link between the plaintiff's injury and his employment, the fifth *Tovish* element. The relevant portion of the form 43 at issue states that the defendants were contesting the claim for "lack of medical evidence supporting *causal connection* of the low back injury" and "lack of medical evidence supporting current documentation and ongoing disability." (Emphasis added.) The commissioner stated in her written opinion denying the plaintiff's

motion for judgment that, for a disclaimer to meet the specificity of notice requirements under the statute, it must challenge an element of the claimant's prima facie case. The commissioner ruled that the language of the disclaimer allowed the defendant to challenge causation, stating that "[i]nvestigation into the cause of the injury which may contradict the history given to the medical providers is part and parcel of challenging the medical evidence." The board agreed with the commissioner, stating "we do not read this disclaimer in the circumscribed manner that the [plaintiff] does. We find that the [defendants] are contesting the presence of the causal connection between the [plaintiff's] employment and [his] injury."

The language of the defendants' form 43 is substantially similar to the language of other disclaimers that have been held to meet the specificity requirement of § 31-294c (b). In *Tovish*, this court held that a form 43 stating "[i]njury (heart attack) did not arise out of the scope of employment" was valid under the act, as it contested the fifth element requiring a plaintiff to prove that he or she suffered a compensable injury. *Tovish* v. *Gerber Electronics*, supra, 19 Conn. App. 274, 276. Our Supreme Court in *Pereira* held that a waiver stating "the plaintiff's stress did not arise out of or in the course of her employment" was a valid notice to contest liability for benefits under the act. *Pereira* v. *State*, supra, 228 Conn. 542. This court has also held that a form 43 merely stating "[the plaintiff] did not suffer an injury which arose out of or in the course of his employment" clearly provided notice that the employer intended to challenge the claim based on the fifth element of *Tovish*. *Lamar* v. *Boehringer Ingelheim Corp.*, 138 Conn. App. 826, 837–38, 54 A.3d 1040, cert. denied, 307 Conn. 943, 56 A.3d 951 (2012). The use of the term "medical evidence" in the present case does not change the outcome. In *Panasci* v. *Waterbury*, No. 4666, CRB 5-03-5 (March 29, 2004), the disclaimer at issue stated that the employer was contesting the claim because of "insufficient *medical documentation* to support a compensable injury, claim, or disability as *causally related* to employment." (Emphasis added.) The board stated that "the disclaimer in this case puts forth the [defendants'] defense that the injury was not causally related to the [plaintiff's] employment." Id.

In the present case, the defendants' disclaimer states "[defendants] contend that there is a lack of medical evidence supporting a *causal connection* of the low back injury to the [plaintiff's] employment." (Emphasis added.) The statement clearly provides notice that the employer is challenging that the lower back injury did not arise out of or occur during the plaintiff's employment. It is substantially similar to the other disclaimers that have been held valid in *Tovish, Pereira, Lamar*, and *Panasci*. The plaintiff's argument that the defendants conceded that a compensable injury occurred by using

the term "medical evidence" is, in a word, illogical. Moreover, it overlooks the language in the form 43 that explicitly contests the causal connection between the plaintiff's injury and his employment.[8]

The plaintiff further claims that because the defendants challenged the claim based on "lack of medical evidence," and all of the physicians agreed that the plaintiff had suffered an injury, that it was unreasonable for the board to affirm the commissioner's denial of the plaintiff's claim. Specifically, he argues that it was unreasonable for the board to affirm the commissioner's finding that the medical testimony regarding causation of the injury that was based on the plaintiff's testimony was unreliable. We disagree.

"It is within the discretion of the commissioner alone to determine the credibility of witnesses and the weighing of the evidence. It is . . . immaterial that the facts permit the drawing of diverse inferences. The [commissioner] alone is charged with the duty of initially selecting the inference which seems most reasonable, and [the commissioner's choice], if otherwise sustainable, may not be disturbed by a reviewing court." (Internal quotation marks omitted.) *Ayna* v. *Graebel/CT Movers, Inc.*, 133 Conn. App. 65, 71, 33 A.3d 832, cert. denied, 304 Conn. 905, 38 A.3d 1021 (2012). "[T]he commissioner is the sole arbiter of the weight of the evidence and the credibility of witnesses . . . ." (Internal quotation marks omitted.) *Mele* v. *Hartford*, 118 Conn. App. 104, 107, 983 A.2d 277 (2009).

"It is an axiom of [workers'] compensation law that awards are determined by a two-part test. The [plaintiff] has the burden of proving that the injury claimed [1] arose out of the employment and [2] occurred in the course of employment." (Internal quotation marks omitted.) *Labadie* v. *Norwalk Rehabilitation Services, Inc.*, 274 Conn. 219, 227, 875 A.2d 485 (2005). "It is well settled in workers' compensation cases that the injured employee bears the burden of proof, not only with respect to whether an injury was causally connected to the workplace, but that such proof must be established by *competent evidence*." (Emphasis in original; internal quotation marks omitted.) *Dengler* v. *Special Attention Health Services, Inc.*, 62 Conn. App. 440, 447, 774 A.2d 992 (2001). "[A] [plaintiff's] credibility also bears heavily on whether medical testimony reliant on his or her narrative is to be given weight by the trial commissioner." (Internal quotation marks omitted.) *Ritch* v. *Connecticut Materials Testing Labs*, No. 5766, CRB 7-12-7 (October 24, 2013). When the commissioner finds that the plaintiff is not credible, the commissioner is entitled to conclude that any medical evidence that relied on the plaintiff's statement also is unreliable. See *Abbotts* v. *Pace Motor Lines, Inc.*, 106 Conn. App. 436, 444–45, 942 A.2d 505, cert. denied, 287 Conn. 910, 950 A.2d 1284 (2008).

We conclude that the commissioner reasonably determined that the plaintiff's account of what caused his injury was unreliable based on the inconsistencies in his story and lack of corroboration by other witnesses. Her subsequent decision to discount the medical evidence that was based on the plaintiff's narrative was not unreasonable or improper. The commissioner made several findings in support of her conclusion that the plaintiff was not credible. She noted that the plaintiff did not offer corroborating evidence as to the events that led to his alleged injury, and that the other witnesses who testified disputed the plaintiff's account of what happened regarding when and to whom he reported his injury. The commissioner found that the physicians who treated the plaintiff were credible; however, she found that each of their opinions as to causation of the injury was not reliable because each was based on the plaintiff's inconsistent and uncorroborated narrative.[9]

On the basis of our review, the commissioner's credibility determination is supported by the record. Therefore, we conclude that the commissioner properly denied the plaintiff's claim for benefits.

The decision of the Workers' Compensation Review Board is affirmed.

In this opinion the other judges concurred.

[1] The insurer for the employer at the time the plaintiff filed his claim was Travelers Insurance Company. Accordingly, we refer to the employer and Travelers Insurance Company collectively as the defendants in this opinion.

[2] "A form 43 is a disclaimer that notifies a claimant who seeks workers' compensation benefits that the employer intends to contest liability to pay compensation. If an employer fails to timely file a form 43, a claimant may file a motion to preclude the employer from contesting the compensability of his claim." (Internal quotation marks omitted.) *Lamar* v. *Boehringer Ingelheim Corp.*, 138 Conn. App. 826, 828 n.2, 54 A.3d 1040, cert. denied, 307 Conn. 943, 56 A.3d 951 (2012).

[3] The federal Family and Medical Leave Act of 1993 is codified at 29 U.S.C. §2601 et seq. and the state act is codified at General Statutes § 31-51kk et seq.

[4] "A form 30C is the document prescribed by the workers' compensation commission to be used when filing a notice of claim pursuant to the [Workers' Compensation Act]." (Internal quotation marks omitted.) *Lamar* v. *Boehringer Ingelheim Corp.*, 138 Conn. App. 826, 828 n.3, 54 A.3d 1040, cert. denied, 307 Conn. 943, 56 A.3d 951 (2012).

[5] We note that although the defendants cited General Statutes § 31-294, no. 91-32 of the 1991 Public Acts repealed this section entitled "Notice of injury and of claim for compensation" and transferred its subject matter into General Statutes §§ 31-294b and 31-294c. Section 31-294b is entitled: "Report of injury to employer. Notice of claim form provided by commission." Section 31-294c is entitled: "Notice of claim for compensation. Notice contesting liability. Exception for dependents of certain deceased employees."

[6] Section 31-301-4 of the Regulations of Connecticut State Agencies provides: "If the appellant desires to have the finding of the commissioner corrected he must, within two weeks after such finding has been filed, unless the time is extended for cause by the commissioner, file with the commissioner his motion for the correction of the finding and with it such portions of the evidence as he deems relevant and material to the corrections asked for, certified by the stenographer who took it, but if the appellant claims that substantially all the evidence is relevant and material to the corrections sought, he may file all of it so certified, indicating in his motion so far as possible the portion applicable to each correction sought. The commissioner shall forthwith, upon the filing of the motion and of the

transcript of the evidence, give notice to the adverse party or parties."

[7] General Statutes § 31-294c (b) provides in relevant part: "Whenever liability to pay compensation is contested by the employer, he shall file with the commissioner, on or before the twenty-eighth day after he has received a written notice of claim, a notice in accord with a form prescribed by the chairman of the Workers' Compensation Commission stating that the right to compensation is contested, the name of the claimant, the name of the employer, the date of the alleged injury or death and *the specific grounds on which the right to compensation is contested. . . .*" (Emphasis added.)

[8] The plaintiff failed to address *Tovish*, *Pereira*, and *Lamar* in either his principal or reply appellate briefs and relies on *Donahue* v. *Veridiem, Inc.*, 291 Conn. 537, 970 A.2d 630 (2009), in which the employer failed to timely file its form 43 contesting liability and the commissioner granted the claimant's motion to preclude the employer from contesting liability at the hearing. In the present case, the defendants timely filed their form 43 and the plaintiff did not bring a motion to preclude. *Donahue* is distinguishable and inapplicable.

The plaintiff also relies on two board decisions, *Sartirana* v. *Winchester*, No. 368, CRD-5-85 (July 15, 1986), and *Crute* v. *Arthur Fletcher Fuel Oil Co.*, Nos. 1390 and 1685, CRB 2-93-3 (December 2, 1993), in which the board held that a respondent is limited to defend on the specific grounds listed on its form 43 disclaimer. These cases are distinguishable from the present case. In both *Sartirana* and *Crute*, the claimant provided a list of injuries on the form 30C and the employers in each case filed notices of contest challenging only certain specific injuries.

[9] The plaintiff argues that his inconsistent testimony was based on the fact that the coworker who translated for him testified that she was not completely fluent in Spanish. The commissioner fully considered this issue in her findings, stating that there were "still too many inconsistencies and contradictions to excuse them due to a language barrier." We again note that the plaintiff did not file a motion to correct these findings.

———————————————